This is a divorce case. There is appeal by the husband and cross-appeal by the wife from the property division and alimony aspects of the judgment. We affirm as to all aspects except the insurance provision. We reverse that part of the judgment and remand with direction for entry of an enforceable judgment.
The only issue presented by the husband's appeal is whether the trial judge, after orally hearing the evidence, palpably abused his judicial discretion in dividing the property of the marriage and in awarding attorney fees to the wife. This issue requires that this court consider the judgment with its presumption of correctness, to determine if it is so unsupported by the legal evidence as to be arbitrary, unjust or capricious and a clear abuse of the judicial discretion of the trial judge. Mullins v. Mullins, 344 So.2d 511 (Ala.Civ.App. 1977).
The oral evidence with exhibits, constitutes a voluminous record. We outline the material evidence as succinctly as possible.
The marriage occurred in 1968. The husband is now 38 and the wife 35 years of age. There is one child, eight years of age. They came to Alabama from Wisconsin in 1971. The husband was employed in the paper industry on salary until 1973. He then began his own business offering a specialized service of precision alignment of machinery used in the manufacture of paper. After an initial period of hard times, during which the wife contributed to the business and provided living expenses, the business prospered. It grossed $63,000 in 1975 and $112,000 in 1976. At the end of 1976, the business had $71,000 in assets which consisted largely of specialized equipment. There was a net profit in 1975 of $22,000 and in 1976 of $37,000 after taking a $15,000 depreciation credit and paying much of the husband's living expenses.
Some two weeks prior to the trial, the husband said he closed his business, and went to work at a salary of $400 per week for a company operated by close friends. After the separation, the husband sold assets to his friends and relatives in spite of a court restraining order. The $22,000 he said he received therefrom has been spent. He stated that he closed his business and took a job affording considerably less income than he could have earned from his business because of the strain of the divorce. There was evidence from the wife and a private investigator retained by the wife, that after the separation, the husband spent most of two nights and the intervening day in the apartment of another woman. He was found there by sheriff deputies at 2:30 A.M.
The wife stated the husband struck her with his fist just prior to the separation and had hit her many times during the marriage. The wife has been employed since 1973 by an advertising agency as a telephone sales supervisor. Her annual salary is $12,750. *Page 579 
The parties own a home valued at $50,000 with monthly mortgage payments of $188.
After trial on May 31, 1977, judgment was entered on June 28, 1977. The judgment granted a divorce; gave custody of the child to the wife; ordered child support in the amount of $300 per month; ordered the husband to obtain medical and life insurance for the benefit of the child; gave use and occupancy of the home to the wife during minority of the child or until the wife remarried, after which it is to be sold and the net proceeds equally divided; awarded the wife a Jeep automobile, an Argosy trailer, all household goods except guns and tools and $2,500 attorney fees; directed the husband to pay all debts of the marriage and the mortgage payments on the home.
Our appellate courts have often stated though the judgment of the trial court might differ from a judgment the reviewing court might have rendered had it been the trial court, such is not a basis for reversal. McPherson v. Everett, 277 Ala. 519,172 So.2d 784 (1965). We reiterate that principle in this case. We say to the appealing husband that the matters he complains of in this appeal were subject to the sound discretion of the trial judge who heard the evidence and saw the witnesses as they spoke. We cannot substitute our judgment for his. It is not required that property of the marriage be divided equally, but rather that it be divided equitably according to facts of the case, considering among other factors, the fault of the husband. Ayers v. Ayers, 352 So.2d 459 (Ala.Civ.App. 1977);Phillips v. Phillips, 49 Ala. App. 514, 274 So.2d 71 (1973); §30-2-52, Code of Alabama (1975). The same statement and authority applies equally to the exercise of discretion in granting to the wife attorney fees. We say further that the fault of the husband may be considered in division of property and award of alimony, even though the divorce be granted on a no-fault ground. Phillips v. Phillips, supra.
Except for one issue presented, what we have said in response to the issue presented by the husband, applies as well to the issues presented by the wife's cross-appeal.
The wife submits that the trial court erred in failing to give her the husband's title in the home even though he has been required by the court to pay the indebtedness thereon. We find no abuse of discretion in such failure.
The wife contends error in the failure to award her a reasonable monthly sum in alimony or to reserve the jurisdiction of the court to consider a future award. In view of the evidence and the other awards to the wife in the judgment, we discern no abuse of discretion in these failures of the court.
We respond the same to the contention that the wife should have been granted a portion of the sums received by the husband from the sale of property contrary to order of the court.
We must agree with the wife, however, that the paragraph of the judgment numbered "Seventh" is so lacking in clarity as to be unenforceable. There is direction therein that the defendant husband "obtain and keep in full force and effect life insurance, with the minor child . . . as primary beneficiary. . . ." There is no amount of insurance specified. We reverse Paragraph Seventh and remand for reconsideration and amendment as to the amount and kind of insurance to be obtained together with any other amendment thereto considered meet and proper by the trial court.
AFFIRMED AS TO APPEAL OF DEFENDANT. AFFIRMED IN PART, REVERSED AND REMANDED WITH DIRECTION IN PART AS TO CROSS-APPEAL OF PLAINTIFF.
BRADLEY and HOLMES, JJ., concur. *Page 580