HOLMES, Judge.
This is a divorce case.
The husband appeals, contending through able counsel, the trial court abused its discretion in the award of alimony and in the division of property. We find no such abuse and affirm.
This court determines that no useful purpose would be served in giving a detailed recitation of the facts. Suffice it to say that viewing the record with the attendant presumptions of correctness, the following is considered pertinent:
The husband is a forty-six year old physician. He earns approximately $90,000 per year. He has a net worth of over $350,000. There were three children born of the over ten year marriage. One of the children has a diabetic condition.
The learned trial court, after a lengthy ore tenus hearing, in pertinent part, awarded the custody of the children to the wife; required the husband to pay to the wife $2,200 per month as alimony and child support; and, in addition, accepting the husband’s calculations as correct, divided the property approximately equally. Put another way, the trial court.made a division of property which was of equal monetary value to each party.
We would note that the husband was required to also provide education expense, medical expense, and insurance. He was also to assume a certain debt which the wife incurred to meet living expenses during the period of separation. In addition, the husband was to provide membership in a “Racquet Club,” maintain the wife’s car, and provide certain home repairs.
This court has carefully reviewed the record in this case and in view of the husband’s income and financial prospects, coupled with the needs of his wife and family, we find no abuse of discretion by the trial court so as to require reversal. See Phillips v. Phillips, Ala.Civ.App., 344 So.2d 786 (1977); 8 Ala.Digest Divorce «==>312.6(4).
In addition, we find no error with regard to that portion of the trial court’s decree which requires the husband to assume a debt of the wife incurred for the family’s living expenses during the parties’ separation. Contrary to the husband’s assertion, it is not an abuse of discretion for the trial court to require the husband, who has in the past undertaken the financial burden of providing living expenses for his wife and children, to discharge such a debt incurred by his wife during the parties’ separation which he otherwise would have expressly assumed. See, e. g., Leo v. Leo, 280 Ala. 9, 189 So.2d 558 (1966).
The wife has requested that this court award an attorney’s fee for representation on appeal. A fee of $500 is hereby awarded.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., con'cur.