This is a divorce case.
The husband initiated divorce proceedings on May 23, 1973, by filing a petition for divorce on the ground of incompatibility. The wife filed an answer and an amended cross-complaint seeking divorce on the ground of adultery.
After hearing, the trial court found that the husband had proved that the parties were incompatible and that the wife had proved that the husband was guilty of adultery. Based on that finding, the trial court denied a divorce to either party due to the doctrine of recrimination. On appeal this court reversed the trial court's judgment and remanded the case for determination of which ground would be the basis for the divorce and consideration of the other claims for relief made by the parties. Cooper v. Cooper, 331 So.2d 689 (Ala.Civ.App. 1976).
On remand, the record of the hearing in the original proceeding was introduced by stipulation and the trial court proceeded to hear additional testimony. On February 28, 1979, the trial court rendered a decree of divorce on the ground of incompatibility, reserving for decision the questions of alimony and division of property. On March 14, 1979, the trial court rendered its final decree which, among other provisions, made a division of the parties' property, denied alimony on the basis of Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102,59 L.Ed.2d 306 (1979), and awarded $1,000 to the wife for her attorney's fees. In response to the wife's motion to amend or for new trial, the trial court made minor alterations in the decree dealing with division of property and awarded periodic alimony in the amount of $200 per month for a period of five years. A second post-trial motion by the wife was denied and she appeals.
The only issue on appeal is whether the trial court abused its discretion in its division of property, award of alimony or award of attorney's fees. In considering this issue, this court views the judgment of the trial court with a presumption of correctness, to determine if it is so unsupported by the evidence as to be arbitrary, unjust or capricious and an abuse of discretion. Miller v. Miller, 361 So.2d 577 (Ala.Civ.App. 1978).
The husband is a man with substantial assets and income. The evidence established his net worth at the time of trial to be between $161,000 and $266,000. His assets include an office building, 13.5 acres of commercial property, stock in Peoples Bank of Elba, and a 100% interest in Little Beaver Dam Investment Inc., a corporation, which owns and operates a store located on his commercial property. He receives substantial income from his medical practice in Elba. His adjusted gross income for the tax years of 1974, 1975, 1976 and 1977 was never less than $53,000 and averaged over $72,000. Although Little Beaver Dam Investment, Inc., has substantial liabilities to offset its assets, the income from the corporation's business has been adequate to service the corporation's debts and pay its operating expenses. It is obvious that as a result of the husband's income the parties enjoyed a high standard of living during their marriage. The husband's future prospects *Page 571 
for maintaining that standard are excellent. His medical practice continues to prosper and his investments appear sound.
On the other hand, the wife's potential for maintaining her former standard of living is limited. She was awarded the husband's interest in the parties' residence, his interest in a 120-acre farm and some beach property. The husband is obligated to pay off outstanding mortgages on the residence and farm. In addition, she was awarded $200 per month in alimony for a period of five years. There is no evidence that any of the property awarded to the wife is income producing.
Both parties are in their fifties. They were married thirty-four years. During that time the husband was the sole source of the family's income and property. The wife attended college for two years but has not been employed for any significant period during the marriage. There is no evidence that she has the skills to enter the job market and obtain employment which would produce the income necessary to maintain her standard of living.
Finally, there is substantial evidence in support of the wife's charge of adultery on the part of the husband. At the time of trial the husband had been living with a young woman for almost five years. Although they denied having a sexual relationship, the court in the original proceeding in 1974 found that the charge of adultery had been proven and no new evidence was introduced on retrial to negate this finding. The husband points out that the court on retrial granted the divorce on the ground of incompatibility. However, it is settled in Alabama that the fault of the parties may be considered in division of property and award of alimony, even though the divorce is granted on a no-fault ground. Miller v.Miller, 361 So.2d 577 (Ala.Civ.App. 1978).
The wife has argued on appeal that the property division made by the trial court is inadequate and should be altered. We see no need to set out in detail the extent of the husband's assets and the proportion of those assets awarded to the wife. It is not required that the property awarded to the respective parties be equal or that it be in certain proportions. The law requires only that the award be fair and equitable and that is a matter for the discretion of the trial court. Miller v.Miller, supra. When the trial court has exercised that discretion, it will be reversed only where the award is so unsupported by the evidence as to be arbitrary, unjust or capricious and an abuse of discretion. Miller v. Miller, supra.
We cannot say that the property division made by the court is unsupported by the evidence.
However, we find no reasonable justification for the award of $200 per month alimony for five years. The need of the wife for support and the ability of the husband to pay a reasonable amount is clear and undisputed. At the age of nearly sixty and without income or employable skills, it is clearly arbitrary and unjust to deny the wife alimony from a culpable husband after thirty-four years of marriage. It is the opinion of this court that the sum of $1,000 per month permanent alimony is not unreasonable in light of the income of the husband.
The wife charges as inadequate the award of attorney fees of $1,000. This case has been in litigation for some six years. There have been prior substantial awards of attorney fees to the wife, both at nisi prius and on appeal. It is our considered opinion that in view of the total circumstances, the award below, though meager in view of the hours of service shown, is not so low as to warrant a finding of palpable abuse of the discretion of the court. Smith v. Smith, 369 So.2d 1235
(Ala.Civ.App. 1979). We therefore leave it undisturbed. However, in response to request upon appeal, this court grants to the wife the sum of $1,000 for attorney's fee for the appeal.
The judgment of the trial court is affirmed in all respects except that of the award of alimony. As to that aspect, the judgment is reversed and the case remanded with direction to the trial court to enter *Page 572 
an award of $1,000 per month as periodic permanent alimony.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.