WRIGHT, Presiding Judge.
This is a divorce case. The husband appeals.
The primary issue is whether the trial court abused its discretion in its division of property or awards of alimony and attorney’s fees to the wife. In considering this issue, we view the judgment of the trial court with a presumption of correctness and will reverse only if it is so unsupported by the evidence as to be arbitrary, unjust and a palpable abuse of discretion. Miller v. Miller, 361 So.2d 577 (Ala.Civ.App. 1978). We find no such abuse and affirm.
The factors to be considered in making division of property and alimony awards are well-established and require no restating here. See, Goodwin v. Goodwin, 364 So.2d 678 (Ala.Civ.App.1978). We briefly relate the facts pertinent to the trial court’s findings.
The parties were divorced in May 1980 after forty-two years of marriage. The husband is a successful sixty-year-old businessman, much of whose substantial assets and yearly income are directly attributable to his position as sole owner of Bryant General Tire, Inc. in Birmingham and as majority shareholder of Bryant General Tire of North Alabama in Huntsville. There is conflicting evidence as to the net worth of the parties. It is at least $540,000 and, as shown on a financial statement completed some eighteen months before the divorce, may be as much as $760,000. The reported income of the husband for the year prior to the divorce was in excess of $50,-000. It is apparent that he derives other substantial monetary benefits as chief executive officer of the two firms. These businesses have operated successfully for a number of years and continue to prosper. The husband’s health is good, his ability to earn is great and he can expect continued financial prosperity.
The wife, a fifty-eight-year-old woman, has spent virtually the entire marriage as a housewife. She has a ninth-grade education, no proven marketable skills and worked only briefly during World War II. She raised the couple’s three children to adulthood and has been a faithful wife and good mother. Her health is not good as she suffers from diabetes, back problems and emotional stress. She has no independent means of producing the income necessary to maintain her standard of living.
After a lengthy ore tenas hearing, the trial court divorced the parties on the ground of incompatibility and found the husband “guilty of many acts of gross mis *67 conduct which, in the opinion of the court, directly caused the conflicts, marital problems and eventual breakdown of the marriage.” The wife received assets valued in excess of $300,000 from the division of property and alimony in gross award, the major part of which is the parties’ residence and a lake cottage. She further was awarded $1,500 per month periodic alimony. The husband was ordered to assume the debts of the marriage. The wife was granted $15,-000 in attorney’s fees for her representation at trial. The husband retained the stock in the two corporations which has generated income and related benefits substantially more than $50,000 per year. He also retained other valuable assets.
We perceive no benefit in further relation of the evidence presented. We have carefully considered the record, briefs and oral argument. We find no error in the division of the property of the parties nor in the awards of alimony and attorney fees. The judgment is supported by the evidence and does not constitute an abuse of the discretion of the trial judge. See, Cooper v. Cooper, 382 So.2d 569 (Ala.Civ.App.1980); Patterson v. Patterson, 372 So.2d 329 (Ala.Civ.App.), cert. denied, 372 So.2d 330 (Ala.1979); Smith v. Smith, 369 So.2d 1235 (Ala.Civ.App.1978), cert. denied, 369 So.2d 1239 (Ala.1979).
We find the contention that the trial court erred in allowing a certified public accountant and business executive to testify regarding appellant’s financial status to be without merit. No objection was made as to this witness’s qualifications as an expert. An objection that his testimony was based on insufficient knowledge or erroneous facts would go to the weight of the evidence rather than its admissibility. Dyer v. Traeger, 357 So.2d 328 (Ala.1978).
Appellant’s final assertion of error, in the court’s requiring him to assume the debts of the marriage, is likewise without merit. There was no abuse of discretion in that regard. See, Goodman v. Goodman, 366 So.2d 281 (Ala.Civ.App.1979).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.