This is a divorce case.
John Ross (husband) and Louise Ross (wife) were married for twenty-seven years. Their children are all adults.
Husband filed a complaint for divorce alleging grounds of incompatibility and irretrievable breakdown, mental cruelty and physical abuse. After oral hearing the court issued a decree of divorce with the following provisions. Wife was awarded all household property and a life estate in the marital residence with the responsibility for making the mortgage payments on it. At her death the property reverts to husband or his estate or his heirs in fee. Wife was awarded periodic alimony of $600 per month commencing in August 1983 until July 1984, thereafter increasing to $800 per month. Additionally, wife was granted rental property which rents for $175 per month and is valued at $14,000, two other lots valued at $1,500, and four cemetery lots.
Each party was awarded ownership of their individual automobiles and the life insurance policies which each party owned. The parties were directed to deliver to each other small items of personal property. Husband was made exclusively responsible for wife's medical bills incurred during their marriage, less any insurance reimbursement for the same. Such bills total more than $5,000. The cost of the proceedings, including costs of depositions and an attorney's fee of $1,500, was taxed against husband, and he was ordered to pay past due utility bills for June and July of 1983. Husband was awarded his savings accounts. Husband appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in its division of property, award of alimony or award of attorney's fees and costs. In considering this issue we "view the judgment of the trial court with a presumption of correctness to determine if it is so unsupported by the evidence as to be arbitrary, unjust or capricious and an abuse of discretion." Cooper v. Cooper, 382 So.2d 569, 570
(Ala.Civ.App. 1980), citing Miller v. Miller, 361 So.2d 577
(Ala.Civ.App. 1978). Each case must be determined upon its own relevant facts in view of what is reasonable and fair to both parties.
It is not required that a property division be equal. Rather, the law requires only that the division be equitable in light of the evidence. What is equitable rests within the sound discretion of the trial court, Miller v. Miller, supra. After reviewing the record we cannot say that the property division reached by the trial court, nor the award of attorney's fees is so inequitable as to constitute an abuse of discretion.
With respect to alimony, the need of wife for assistance and husband's ability to pay a reasonable sum is apparent. Wife has had serious surgery and has not worked but approximately two years out of their twenty-seven-year marriage and is currently not employed due to health problems. Husband is retired from service in the United States Navy and is currently employed by the United States Agriculture Department. He presently has a total monthly net income from retirement pay and employment of approximately $2,400. His job is secure and he expects to receive a promotion in the next year.
Wife is a licensed practical nurse who has, in the past, earned approximately five dollars an hour. She quit a recent job at *Page 814 
Baptist Hospital but has worked for some private patients since then. She testified that her doctor advised her to avoid full-time employment.
Husband contends that alimony awarded is based upon the unreasonably high claim of need by his wife and that the court failed to consider the fault of wife in causing the breakup of their marriage.
The fault of a party may be considered in the division of property, Cooper v. Cooper, supra, and if such conduct "contributed substantially to the breakdown of the marriage . . . the court may properly consider such conduct as limiting the wife's claim to alimony." Tyler v. Tyler, 52 Ala. App. 430-32,293 So.2d 856, 858 (1974).
The record indicates that wife shot at husband and sought to use voodoo against him. Husband was not injured, for he had fortuitously loaded wife's gun with blanks. There was no indication that the voodoo was effective either. There was evidence that husband was not without fault.
The trial judge heard the testimony and observed the witnesses. Though his judgment may not be what we might have rendered, the alimony awarded is no more than a third of husband's present income and such alimony is deductible for income tax purposes. Smith's Estate v. Commissioner,208 F.2d 349 (3rd Cir. 1953); 26 U.S.C. § 71, 215 (1976). We are unable to hold the judgment in any part to be so clearly unjust as to be an abuse of discretion. Therefore, we must affirm.
The request of the wife for attorney's fee on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.