This appeal concerns proceedings to enforce a provision of a divorce judgment whereby the former husband was ordered to pay a debt of the parties to a third person.
Although the parties were divorced in 1979, they shall still be referred to as "the husband" and "the wife" for clarity. The divorce judgment approved and ratified a many faceted agreement of the parties. By the provisions of the agreement which is now in controversy, the husband agreed to pay the "wife's father the sum of $5,000.00, which represents the balance of a loan made to the parties. Husband agrees to pay the sum of $5,000.00 without interest, 36 months following the date of any divorce decree rendered between the parties."
In December 1982 the wife filed her complaint for a rule nisi, one of the grounds therein being that the husband had failed and refused to repay the loan to her father. At the trial the husband testified that he had made no payment upon that debt. After the ore tenus hearing, the trial court rendered its final judgment on June 27, 1983. The court found for the wife and against the husband for $5,000 for the use and benefit of the wife's father for the husband's failure to pay the debt due the wife's father, as agreed upon in the separation agreement.
The husband appealed. His primary complaints are: (1) that, since the wife's father was not a party to the litigation, the court erred in rendering the judgment because it did not take into consideration the rights of the father to claim interest, and (2) that he would be unprotected in a civil action against him by the wife's father upon the debt if the wife collects the judgment from the husband but fails to pay the proceeds to her father.
The separation agreement was approved by the trial court and its provisions were incorporated by reference into the final divorce judgment. Thus, the entire agreement became merged into the divorce judgment, and the judgment, and not the agreement itself, became the controlling enforceable instrument. Horan v.Horan, 259 Ala. 117, 65 So.2d 486 (1953); East v. East,395 So.2d 78 (Ala.Civ.App.), cert. denied, 395 So.2d 82 (Ala. 1981). The terms of the agreement of the parties became terms of the divorce judgment and were enforceable by all remedies available for the enforcement of a judgment, including contempt where appropriate. However, the personal obligations imposed upon the husband to the wife to pay the debt to the wife's father as being a loan to the parties, insofar as the agreement-divorce judgment was concerned, was a simple business transaction between the husband and the wife, a debt ex contractu, which was not enforceable by a contempt citation.Null v. Null, 423 So.2d 887 (Ala.Civ.App. 1982).
It is within the discretion of a trial court to require that one spouse assume and pay one or all of the marriage debts.Bryant v. Bryant, 401 So.2d 65 (Ala.Civ.App.) cert. denied,401 So.2d 67 (Ala. 1981); Smythe v. Smythe, 376 So.2d 1101
(Ala.Civ.App. 1979); Patterson v. Patterson, 372 So.2d 329
(Ala.Civ.App.), cert. denied, 372 So.2d 330 (Ala. 1979); Wilsonv. Wilson, 53 Ala. App. 194, 298 So.2d 616 (Ala.Civ.App. 1973),cert. denied, 292 Ala. 759, 298 So.2d 622 (1974). Where that is done, no valid reason has been presented to us as to why the other spouse cannot enforce the judgment. This is especially true where the debt was "for a loan made to the parties," as was recited in the agreement-judgment in this case. In the absence of fraud, duress, or other similar reasons, both parties are, between themselves, precluded from collaterally attacking that clause. Accordingly, the wife has a vital interest in the repayment by the husband *Page 1340 
of her father's loan to them and she may enforce the payment thereof.
Since the husband had not paid the debt as ordered by the divorce judgment, the method of enforcement of the judgment which was utilized by the trial court was permissible. Under rule 71 of the Alabama Rules of Civil Procedure, a court order may be made in a divorce case in favor of a person not a party, but the creditor would have no standing to enforce it under the divorce judgment. Wilson v. Wilson, supra. However, the benefited former spouse may attempt to enforce its judgment. Under the 1983 judgment in favor of the wife for the use and benefit of the creditor, if she received any payments upon the judgment, the proceeds would belong to her father. In effect, it was not a personal judgment for the wife, but was one for her father.
While, as between the husband and the wife's father, interest upon the loan may or may not be due to be paid by the husband, that possibility does not diminish the fact that, by the agreement-judgment merger, the husband agreed with the wife to pay and was ordered to pay only $5,000 without interest for three years. In this litigation between the husband and the wife for the enforcement of the 1979 divorce judgment, the trial court enforced only that provision of the agreement-divorce judgment.
As to the husband's concern that the wife might misappropriate the proceeds when the judgment is satisfied in whole or in part, he has many remedies. Among other means, he may protect himself by simply making payments upon the judgment by checks payable jointly to the wife and to the wife's father, or he can pay the proceeds into the trial court and interplead the wife and her father therein, or he may move or petition the trial court for instructions, directions, and a protective order as to the application of any voluntary or non-voluntary payment or payments thereon. We will not reverse for future crystal ball predictions or fears expressed by a party which are remediable at that future date by that party's self-help.
There being no error as to any issue which was presented by the husband's argument, we affirm.
The wife's request for an award of an attorney's fee as to this appeal is denied. We are not cognizant of any authority to grant such a request on appeal from postdivorce litigation between the former spouses as to the enforcement of a mere debt. Smith v. Smith, 365 So.2d 88, 94 (Ala.Civ.App. 1978). Properly, there was no finding of contempt as to the nonpayment of the indebtedness which is the sole subject of this appeal, and, accordingly, section 30-2-54, Code 1975, has no application. Hartsfield v. Hartsfield, 384 So.2d 1097
(Ala.Civ.App.), cert. denied, 384 So.2d 1100 (Ala. 1980).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.