THIGPEN, Judge.
This is a divorce case.
After an ore tenus proceeding, the trial court divorced the parties and ordered a property division. The wife appeals.
The issues raised by the wife primarily concern the division of property. She contends that the trial court abused its discretion in the division of the marital properties and in its failure to award her any alimony. She also contends that the trial court failed to consider, in its division, assets that the husband conveyed to his son by a previous marriage. The wife contends that such conveyance by the husband was “a fraudulent attempt to divest Mrs. Foley of her interest.”
The wife argues that the husband intentionally “gave” his son properties and monies to keep them from being considered in the property division of the divorce. She contends that the husband receives income from a coin-operated laundry business and has hidden assets and other income in his son's name.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). Matters such as alimony and the property division pursuant to divorce rest soundly within the discretion of the trial court and will not be reversed unless that discretion was palpably abused. Waid; Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Further, those issues are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Montgomery. A property division is not required to be equal but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984).
The record reveals facts pertinent to this appeal. The parties were married to each other for the second time in 1975 and have one adult child who is not a factor in this appeal. Sometime in 1986, the wife literally packed a few of the husband’s things and put him out of the house. Approximately two years later, she filed an action seeking separate maintenance from the husband. He answered, denying her allegations, and filed a counterclaim requesting a divorce. At the divorce hearing, the trial court heard testimony from the husband, the wife, and three other witnesses, including the parties’ son. The testimony from the husband was vague and fragmented. He testified that he is 68 years old, receives Social Security benefits in the amount of $466 monthly, and that he helps out at his son’s coin-operated laundry for no compensation by keeping the business open for him and occasionally emptying the coin boxes and recording the amount for his son’s records. He testified that he has no appreciable assets, a limited, fixed income, and resides in a low-income apartment project. He acknowledged that he has lent money to his son to help him, as *93 well as given.his son gifts of property and money over a period of years, but was vague as to specifics regarding the loans and gifts. Although he filed for the divorce, he testified that he thought his wife had filed for a separation or a divorce first. He testified that he did not know what the problem was but that he thought it might be problems with his son and daughter by a previous marriage.
The wife testified that she is 53 years old and disabled. She testified that both she and the husband had worked throughout their marriage, but that it was her income that made the home mortgage payments and supported them. She stated that during the marriage, his income was often insufficient to pay the mortgage on his business so she contributed to paying the heavy encumbrances on the business. She concedes that in view of the evidence regarding the husband’s present financial circumstances, the trial court could have determined that he is unable to pay alimony. Even so, she argues that the trial court abused its discretion by failing to enlarge her portion of the marital assets. She argues that at the very least, she should be awarded the marital home in its entirety free of any claims by her former husband.
In the divorce decree, the trial court ordered, inter alia, that the marital home remain in the joint names of the parties with the right of survivorship. The wife was awarded exclusive use and possession of the marital home until she remarries. At that time, the home is to be sold and the proceeds equally divided between the parties. The “Dauphin Island Parkway property” was ordered to be sold and the net proceeds divided equally between the parties. The wife filed a motion for clarification regarding this property and filed a motion for a rehearing. Her motions were denied.
We pretermit a lengthy discussion of the facts here in light of the numerous cases on this subject. We have carefully and thoroughly reviewed the entire record and find that the record contains some evidence supporting both parties’ contentions. The judgment of the trial court carries a presumption of correctness that is supported by the evidence. We are not persuaded that the trial court abused its discretion in the property division and in not awarding alimony. Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). Accordingly, the judgment is due to be affirmed.
Each party’s request for an attorney’s fee for this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.