THIGPEN, Judge.
This is a divorce case.
Following an ore tenus proceeding, the parties were divorced in 1991 after a brief marriage which produced no offspring. The divorce decree provided for a property division that included awards to the wife for her interest in the marital assets and her interest in the business. The wife appeals contending that the trial court abused its discretion in its division of the marital assets and in its division of the business interests.
This area of the law is well settled. When a trial court’s judgment follows the presentation of evidence ore ten-us, a presumption of correctness automatically attaches and the judgment will be affirmed when it is supported by competent evidence unless it is shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). The division of property pursuant to divorce and the award of alimony are matters that lie within the sound discretion of the trial court which will not be disturbed on appeal except for palpable abuse of that discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Further, the division of property pursuant to divorce is not required to be equal, but it must be equitable in light of the evidence and what is equitable rests within the sound discretion *1216 of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984).
The wife complains on appeal that the husband’s conduct justified her leaving him. She further contends that the trial court “found him at fault” and awarded her alimony. The record reveals that the wife filed for the divorce on the grounds of incompatibility and that the trial court dissolved the marriage “because of incompatibility” without a finding regarding fault. Even so, the conduct of the parties regarding the cause of the divorce is but one of the many factors that the trial court may consider when dividing property or awarding alimony. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
The wife sets out two issues for appellate review concerning the division of marital property and the “partnership” property; however, she concedes that the two issues “are so closely related” that she argues them together. Our careful and thorough review of the entire record reveals that, as the wife concedes, the marriage and the business venture were so closely intermingled in some ways that it is difficult to differentiate between the two. The wife contends that, as to the business, a partnership existed, and that she is entitled to at least half of the business assets. The record supports the trial court’s conclusion that the wife did have some interest in the business; however, we find that there is simply no evidence establishing a business partnership as the wife contends.
The record reveals that each party had been married previously and brought separate properties into the marriage which were considered carefully by the trial court in its divisions. There is evidence in the record regarding the separate properties brought into the marriage and the subsequent use of some of the separate properties of each party for the common benefit of the marriage. The wife testified that the husband had purchased the business from his brother about three years before she met the husband and that she did not know how much he paid for the business. The wife testified that the husband owed approximately $3000 for the business when they married and that she did not contribute financially to the acquisition of the business. The wife testified to contributing to the business by working in it, cleaning it up, doing some bookkeeping, and basically improving it from its condition prior to the marriage.
The wife also testified that, prior to this marriage, she owned a half interest in a mobile home with a former spouse. She testified that she invested the bulk of her proceeds from the sale of that mobile home, and that the cash management account is still in the bank in her name as her separate property. She testified that she made her own down payment on her automobile and that she cashed a certificate of deposit to help make a down payment on the marital home.
There was testimony from the husband regarding the status of the business both before and after the marriage. He testified that the business existed prior to his meeting the wife and that there was never a partnership. He testified that the wife never financially contributed to the business, nor was she involved in making major decisions for the operational or financial aspects of the business. He testified that she was not even involved in making loans for business expenditures. He readily acknowledged that the wife worked in the business some during the marriage, as other wives frequently do in their husband’s business, and that her working contribution, which was compensated by the business, definitely helped the business to grow and improve.
A lengthy discussion of further details in this case would add nothing to the existing law. There is substantial evidence in the record supporting the property division made by the trial court. In fact, the record contains some evidence supporting the contentions of each party. The judgment of the trial court carries a presumption of correctness that is unquestionably supported by the evidence and we find no abuse of discretion by the trial court in its decisions regarding the dissolution of this *1217 marriage. As a result, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.