RUSSELL, Judge.
The parties were divorced on December 4, 1987. An agreement was entered into by the parties and incorporated into the divorce judgment which provided that the “[hjusband agrees to pay any and all medical expenses attributable to an accident in which the [hjusband and the [wjife were involved during their marriage.” The wife filed a petition for rule nisi, alleging that the husband had failed and refused to pay medical expenses that were a result of the accident. After an ore tenus proceeding, the trial court ordered the husband to pay the medical bills related to the injury and ordered the husband to pay $3,000 as partial payment of attorney’s fees. The husband appeals. We affirm in part and reverse in part.
The record reveals that during the marriage of the parties, the wife was severely injured as a result of a one-car accident, in which the husband was driving. She sought additional medical treatment in 1990 for pain due to nerve damage in her leg resulting from the accident. Her attorney attended a deposition of the wife’s doctor in Phoenix, Arizona, the expenses of which were part of the attorney fees requested by the wife.
The husband claimed that the wife’s present husband had medical insurance that covered the wife and that if he were required to pay the medical expenses, unjust enrichment would result. The wife testified that she had not filed an insurance claim for the expenses.
The husband first contends that the trial court erred by awarding monetary damages with respect to a contract obligation in a contempt action. Citing a number of cases as authority and stating that the petition was for him to pay certain medical debts, he claims that contempt is not the correct vehicle to require payment of a debt contained in a divorce agreement.
*400 The wife responds by saying that the cases cited relate to the nonpayment of debts existing prior to the divorce decree and, in addition, that the matter of preexisting debts was delineated in a separate paragraph of the agreement that was incorporated into the divorce judgment. She further says that the obligation to pay the future medical expenses was in the nature of support for the wife, which may be enforced by a contempt action.
We agree with the wife. In addition, we note that there was not an explicit finding of contempt by the trial court, and we hold that it is within the power of the trial court to enforce the judgment. See Kaleta v. Kaleta, 452 So.2d 1338 (Ala.Civ.App.1984). Therefore, as to this issue, we hold that the trial court did not err.
Citing § 30-2-54, Ala.Code 1975, the husband next contends that the trial court erred by awarding attorney’s fees to the wife without finding him in contempt. Construction of § 30-2-54 has been that an attorney’s fee may not be awarded in enforcement proceedings absent a finding of contempt of the defaulting party. Johnson v. Johnson, 469 So.2d 116 (Ala.Civ.App.1985). In the present case, the husband was not found in contempt; therefore, the award of an attorney’s fee was in error.
The judgment is due to be affirmed in part, reversed in part, and the cause remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.