RICHARD L. HOLMES, Retired Appellate Judge.
This is a divorce case.
The wife filed a complaint for divorce. After an ore tenus hearing, the trial court issued a final judgment, which divorced the parties and addressed the issues of property division and alimony.
The husband appeals. We affirm.
On appeal the husband contends that the trial court erred to reversal because, he says, in its final judgment the property division is inequitable and the alimony award is unreasonable.
It is well settled that an award of alimony and the division of property are within the discretion of the trial court and that such determination will not be disturbed on appeal unless it appears that the trial court plainly and palpably abused that discretion. Chambliss v. Chambliss, 587 So.2d 406 (Ala.Civ.App.1991); Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). Further, it is well settled that the division of property is not required to be equal, but it must be equitable. Ross, 447 So.2d 812.
No useful purpose would be served in detailing the facts of this appeal. Suffice it to say, we have carefully reviewed the record. We cannot say that the division of property is so inequitable or that the award of alimony is so unreasonable that it would constitute an abuse of the trial court’s discretion. Consequently, this case is due to be affirmed.
The wife has requested an attorney’s fee for representation on appeal. An attorney’s fee of $500 is awarded.
Additionally, we would be remiss in failing to note that the husband’s brief, at best, minimally complies with Rule 28, A.R.A.P. Rule 28 is a rather clear and concise rule and compliance with the rule is not difficult. However, the failure to comply with Rule 28 can result in unfavorable consequences.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions *1001 of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.