THOMPSON, Presiding Judge,
dissenting.
I do not condone the conduct of the wife in this case. However, the conduct of the parties is only one of many factors the trial court must consider in dividing marital property and fashioning an alimony award. Slaughter v. Slaughter, 587 So.2d 1215, 1216 (Ala.Civ.App.1991). “In fashioning a property division and an award of alimony, the trial court must [also] consider factors such as the earning capacities of the parties; their future prospects; their ages, health, and station in life; the length of the parties’ marriage; and the source, value, and type of marital property.” Stone v. Stone, 26 So.3d 1232, 1236 (Ala.Civ.App.2009) (citing Robinson v. Robinson, 795 So.2d 729, 734 (Ala.Civ.App.2001)). In this case, the parties had been married for 26 years. During most of the marriage, the wife worked in the home and raised the parties’ child. The wife’s college degree in vocational education enabled her to teach typing and shorthand, and, as she pointed out, that degree is now virtually obsolete. Even considering the wife’s conduct, I believe that the disparity between the parties’ incomes and future prospects in this case is so significant as to render the trial court’s property division and alimony award inequitable. For that reason, I respectfully dissent.