MOORE, Judge,
concurring specially in case no. 2130821 and concurring in the result in case no. 2140086.
I agree with the main opinion that case no. 2130821 should be dismissed because it arises from a default divorce judgment entered by the Elmore Circuit Court (“the trial court”) on March 6, 2014, in a manner inconsistent with the due-process rights of Willie Jerome Davis (“the husband”). I note that our disposition of that appeal renders the entire judgment void, including the provision treating the settlement check issued to the husband by the United States Department of Agriculture as marital property, awarding that check to La-Quana Vonsha Davis (“the wife”), and ordering the wife to use the proceeds of that check to extinguish any debt owed by the husband to Jerry L. Blevins, his criminal defense attorney, for attorney’s fees.
As to case no. 2140086, I concur in the result. The record shows that, on April 4, 2014, Blevins moved the trial court to intervene in the divorce action in order to enforce the provisions of the default divorce judgment requiring the wife to pay his fees. The trial court erred in granting the motion to intervene. When a trial court equitably allocates the debts of the parties in a divorce judgment, it may order one party to pay the debt of another party, but, pursuant to Rule 71, Ala. R. Civ. P., that order does not thereby vest in the creditor the right to enforce the divorce judgment. See Kaleta v. Kaleta, 452 So.2d 1338 (Ala.Civ.App.1984), Because Blevins had no right to enforce the divorce judgment, the trial court should not have allowed him to intervene for that purpose.
*985 I do not agree with Presiding Judge Thompson that Blevins lacked standing. 183 So.3d at 984 (Thompson, P.J., concurring specially in case no. 2140086). In Wilson v. Wilson, 53 Ala.App. 194, 201, 298 So.2d 616, 621 (1973), this court construed Rule 71 as providing “that the creditor would not have standing to enforce ... a debt under [a] divorce decree.” However, in Wilson, this court incorrectly used the term “stánding” when, in fact, it held only that a creditor would not have a cause of action to enforce a divorce judgment. See Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31 (Ala.2013) (explaining how Alabama’s appellate courts have traditionally confused cause-of-action concerns with standing issues). Unlike a lack of standing, a party’s lack of a valid and cognizable claim for relief does not deprive a court of subject-matter jurisdiction. Id.
That said, the trial court purported to enforce a provision of the default divorce judgment, which is void, for the benefit of Blevins. A void judgment is a complete nullity without any effect from its inception. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 643 (Ala.2003). “[A]ll proceedings founded on [a] void judgment are themselves regarded as invalid.” 46 Am. Jur.2d Judgments § 29 (2006). Because a void judgment entered without subject-matter jurisdiction will not support an appeal, the husband’s appeal in case no. 2140086 is due to be dismissed. See Bernals, Inc. v. Kessler-Grey stone, LLC, 70 So.3d 315 (Ala.2011). Thus, I agree with the result reached by the main opinion.