Sarah and Claude McLain were married on December 20, 1974. The husband filed for divorce on January 30, 1979. A final decree of divorce was rendered on August 29, 1979. The wife appeals and contends here that the parcel of land upon which is situated the marital home is her separate property and that the trial court erred in decreeing that the property be sold and the proceeds divided equally between the parties.
The facts showed that both parties were employed by the Birmingham Board of Education at the time of their marriage. The husband subsequently retired. At the time of the divorce, the husband was earning $1,574.84 per month. The majority of this income was social security and teacher's retirement. The wife earned $9,900.00 a year from her job.
The evidence also showed that the parties purchased a home in 1976. They paid $16,500.00 down, and a mortgage of $24,000.00 was taken for the balance. The parties disputed what amounts they each contributed to this purchase. Husband contends that he initially contributed $13,225.00 to the purchase and made payments on the mortgage in the amount of $6,180.00. The wife testified that she had given the husband some of this money. The testimony also indicated that she made several lump-sum payments to reduce the mortgage balance.
During the marriage, the wife purchased three parcels of land which surrounded the subject property. It is undisputed that this was the wife's separate property.
Also the testimony indicated that the husband's income was used for the support and maintenance of the parties and the home.
The evidence further showed that in 1978 the parties began to experience marital difficulties, and the husband filed a complaint for divorce which he later withdrew. The husband then had an attorney draft a warranty deed conveying the house to the wife. He stated that he did this to effect a reconciliation, and because his wife had been adamant in requesting title to the home.
In its initial decree the trial court imposed a resulting trust on the home. It further found that both parties were entitled to a one-half interest in the home. On appeal we found that the evidence was not sufficient to impose a resulting trust; however, we did not preclude the trial judge from finding that the parcel in question was marital property and that it or the proceeds from the sale thereof could be equitably divided between the parties.McLain v. McLain, 384 So.2d 114 (Ala.Civ.App. 1980).
On remand the trial court found that the parties were each entitled to a one-half interest in the home, ordered that the home be sold and that the proceeds be equally divided unless the parties could agree on a settlement.
Division of property pursuant to divorce is a matter within the discretion of the trial court and will not be disturbed on appeal absent a showing of plain and palpable abuse of discretion.Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980). Furthermore, the division of property does not have to be equal, but should be based on the nature of the case. Phillips v.Phillips, 344 So.2d 786 (Ala.Civ.App. 1977).
In the case at bar, the wife argues that the marital home became her separate property by virtue of her husband deeding it to her. She contends that this constituted a gift, precluding the trial court from finding that it was marital property subject to division. We, however, find that the trial judge in looking at the facts and circumstances of this case could conclude that the home was still marital property. See Foreman v. Foreman,379 So.2d 89 (Ala.Civ.App. 1980). *Page 854 
We have stated before that the determination of what constitutes the wife's separate estate is a matter to be determined by the trial court. Shamblin v. Shamblin,361 So.2d 580 (Ala.Civ.App. 1980). In the present case, there was sufficient evidence for the trial judge to conclude that the home was not the wife's separate property. The husband's purpose in transferring the property to the wife was to effect a marital reconciliation because the parties had had several arguments over placing the property solely in her name. Even after the property was deeded to the wife, the parties continued to use it as their joint homeplace.
The wife has cited us to cases that state that a conveyance from a husband to his wife is presumed a gift. It should be noted, however that that presumption can be rebutted by showing the parties' real intent. Cox v. Cox, 395 So.2d 1027
(Ala.Civ.App. 1981). In this case, the evidence showed that the husband conveyed the property to the wife in order to effect a reconciliation. From this evidence and considering the close proximity of the conveyance to the divorce, the court could conclude that there was no intent that this should be a gift.
We, therefore, find that the trial court could properly conclude that the property was still marital property and not the wife's separate property. No abuse of discretion having been shown, the decree of the trial court is affirmed.
Both parties have petitioned this court for attorneys' fees on appeal. After considering the circumstances of this case, we deny both of these requests.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.