BRADLEY, Judge.
This is a divorce case.
Joel B. Adams and Jane F. Adams were married on June 3, 1978. They lived together until January 1, 1981. No children were born of this marriage.
On January 7, 1981 the wife filed for divorce. After a hearing a final decree of divorce was entered on July 20, 1981. In *820 this decree the wife was awarded $15,000 as alimony in gross. The husband was ordered to pay $5,000 of this amount within thirty days. The remaining amount was to be paid in fifty monthly installments of $200 each. The wife was awarded a pickup truck and a piano as her personal property. The husband was awarded title to the parties’ mobile home and two acres of property. He also retained title to all the other property, including an automobile.
The evidence adduced at trial indicated that the wife brought approximately $20,-000 of savings into the marriage. This was money which she had collected from insurance when her home burned. This money was placed in a joint account. The wife testified that the money was used for a down payment on the mobile home and the land. Further a down payment was made on the husband’s car out of these funds.
Upon the wife filing for divorce, the husband used the remaining $10,000 of these funds to pay off other debts of the parties. He retained all the rest of this money after these debts were paid.
The husband earned $1,000 a month. The wife worked part time, earning between $90 and $100 a week. The parties had no other assets.
The husband filed a motion for a new trial on August 18, 1981. This motion was denied by operation of law on November 16, 1981. A timely appeal was filed in this court on December 1, 1981.
The only issue in this appeal is whether the trial court abused its discretion in the division of property and the award of alimony in gross. We find no abuse of discretion and affirm.
First the husband argues that there is no evidence in the record to show that the wife needed alimony in gross or that the husband was able to pay. We disagree.
The wife has only a part-time job. The husband, on the other hand, works full time earning $1,000 a month. Further almost all of the wife’s $20,000 of savings were used for the purchase of the mobile home, two acres of land, and car to which the husband now has title. Clearly the trial court did not abuse its discretion in awarding alimony in gross to the wife to offset the property awarded to the husband.
The husband also argues that the provisions of the decree were arbitrary and unjust. Again we cannot agree. The wife received only a truck and piano and $15,000 as alimony in gross. The husband received all the other property. The award of alimony and the division of property are matters within the sound discretion of the trial court and will not be reversed absent a showing of a palpable abuse of that discretion. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980).
Finding no abuse of discretion, the judgment is affirmed.
The wife has requested an award of attorney’s fees for this appeal. Her request is granted, and we award her $350 as a reasonable attorney’s fee.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.