418 So.2d 118 (1982)
Ex parte Patricia Evans KIRKLEY.
In re Patricia Evans KIRKLEY
v.
Billy Joe KIRKLEY.
81-81.
Supreme Court of Alabama.
July 16, 1982.
*119 Maury Smith, David R. Boyd and William P. Cobb, II, of Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, for petitioner.
J. Pelham Ferrell of Ferrell & Davenport, Phenix City, for respondent.
FAULKNER, Justice.
This is a divorce case. The wife appeals, contending that the Court of Civil Appeals erred in upholding the trial court's division of property. We reverse.
The facts are set out in the Court of Appeals' opinion, dated September 9, 1981.
Patricia Kirkley contends that the Court of Civil Appeals erred in upholding the trial judge's order to pay $95,000 from the sale of the principal residence of Patricia and Billy Kirkley to Mr. Kirkley's former spouse, who was not a party to the divorce proceeding. The wife argues that Nell Kirkley, the former spouse, should be excluded from the distribution so that the property can be divided between the parties in a manner consistent with Patricia Kirkley's interest in the property.
It is well recognized that the award of alimony and the division of property are matters within the broad discretion of the trial judge and will not be reversed absent a showing of palpable abuse of that discretion. E.g., Adams v. Adams, 412 So.2d 819, 820 (Ala.Civ.App.1982); McLain v. McLain, 409 So.2d 852, 853 (Ala.Civ.App.1982). We do not rule on whether the trial judge abused his discretion with respect to the proportional division of property between Patricia and Billy Kirkley, but we hold, as a matter of law, that the award to the former wife was error.
The first divorce decree vested the title to the first house solely in Mr. Kirkley, and any agreement made prior to the final decree would have been merged into the decree.
"It would be not only inequitable, but also unconscionable to allow the appellant *120 to produce an agreement and assert legal rights thereunder where that agreement predated the divorce decree and where that agreement altered the legal effect of the divorce decree in such material respects. In light of the comprehensive and final character of the divorce decree, we are of the opinion that the contractual obligations contained in the 1972 agreement which are inconsistent with the property settlement obligations contained in the divorce decree should have been preserved in the latter instrument."
Landis v. Neal, 374 So.2d 275, 281 (Ala. 1979). Therefore, a pre-existing agreement cannot alter the legal effect of the divorce decree. Id.
Likewise, the husband and former wife could not modify the divorce decree simply by agreement after it was entered.
"A final judgment is a terminal decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. All matters should be decided; damages should be assessed with specificity, leaving the parties with nothing to determine on their own. Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623 (Ala.1976). Accordingly, parties to a divorce decree may not change or modify the decree merely by an agreement between themselves. Mullis v. Caldwell, 50 Ala.App. 508, 280 So.2d 558 (1973)." (Emphasis added.)
Holland v. Holland, 406 So.2d 877, 879 (Ala. 1981).
After a lapse of thirty days from the date of a divorce decree a court cannot modify a property settlement provision except to correct clerical errors. E.g., Small v. Small, 412 So.2d 283, 285 (Ala.Civ.App. 1982); Monroe v. Monroe, 356 So.2d 196, 199 (Ala.Civ.App.1978); McEntire v. McEntire, 345 So.2d 316, 319 (Ala.Civ.App.1977). Therefore, since no modification was made within thirty days of entry of the final decree, the original property settlement must stand as entered.
The former wife has no claim to the property. The title to the marital home of Mr. Kirkley and his first wife was transferred to Mr. Kirkley by the divorce decree. Since the first wife had no right or title to the first house, it is obvious that she could not have any right or title to proceeds from the house which was later built by Billy and Patricia Kirkley.
If Mr. Kirkley owed the former wife money under the terms of the initial divorce decree, she had the remedy of filing a contempt suit against him. The matter before the Court, however, is to adjudicate a property settlement between Billy and Patricia Kirkley, not to determine his compliance with the divorce decree dissolving his former marriage.
As stated previously, we do not rule on whether or not the trial judge abused his discretion in regard to the division of property between Mr. Kirkley and his second wife. The trial judge must, however, consider the total proceeds from the sale of Billy and Patricia Kirkley's marital residence in determining the property settlement.
Another assertion, presented by the appellee, is that an appellate court cannot review the inadequacy of a judgment in cases where no motion for new trial is made. Although the above assertion is correct with respect to a case tried to a jury, the authority to review is not dependent on a motion for a new trial in a case in which the trial judge was the trier of the facts. Securitronics of America, Inc. v. Bruno's, Inc., 414 So.2d 950 (Ala.1982). The present case was tried before the trial judge, without a jury.
REVERSED AND REMANDED.
JONES, EMBRY and ADAMS, JJ., concur.
BEATTY, J., dissents, with whom ALMON, J., concurs.
MADDOX and SHORES, JJ., not sitting.
TORBERT, C. J., recuses.
*121 BEATTY, Justice (dissenting):
The court's opinion reverses on an issue never contested at the trial level. The appellant not only failed to move for a new trial but also failed to object to the evidence relating to the claim of the former wife, and failed to move to exclude that evidence. Therefore, the appellant has failed to preserve this issue for our review. An issue not raised in the trial court cannot be raised for the first time on appeal. Hutchins v. Shepard, 370 So.2d 275 (Ala. 1979). The case cited by the majority, Securitronics of America, Inc. v. Bruno's, Inc., 414 So.2d 950 (Ala.1982), holds only that a motion for a new trial is not a prerequisite for appellate review on the issue of sufficiency of the evidence where the case was tried to a judge, not a jury. This rule does not authorize review of an issue never raised at all in the trial court.
Unless there is a showing that the property award to the appellant was inadequate, the trial judge's error was harmless in relation to the appellant, as noted by Judge Holmes. It may be that the trial court made the award to the first wife out of what was left to the husband after dividing the entire estate. Had the appellant made a timely objection to the evidence of the former wife's claim, the trial court might have clarified the basis of its decision. In the absence of such an objection, we should not assume the trial court's ruling to be erroneous.
Accordingly, I would quash the writ of certiorari as improvidently granted.
ALMON, J., concurs.