This is a divorce case.
The husband has appealed and complains about the division of property and the amount of periodic alimony granted to the wife. We look to the pertinent evidence concerning those issues to ascertain if the testimony was supportive of the trial court's decision and to determine if the trial court abused its discretion in that adjudication. Because of the attendant presumptions accorded the trial court's decision, we largely summarize that evidence which supports the judgment and, by omitting contra evidence, we do not imply that it was unworthy or that it was not presented. All of the evidence has been duly considered.
The parties were married in 1947. The wife had a "flirtation" with another man, with no adultery being involved. Months later, in 1970, the parties were divorced but remarried within three months. They next separated in February 1982 when the husband became "infatuated" with another woman and he left home. Inferences from the testimony are that the husband seemingly lived part time with the other woman and that he probably supported her to some extent.
The wife is fifty-three years of age and has arthritis. She has not been employed in over ten years but stated that she could work as a waitress, clerk, or at an unskilled job if she could find employment. Her monthly utilities cost an average of $210 and she estimated that her total expenses amount to $600 a month. Because of their divorce, she will not be able to participate in the husband's retirement benefits in any manner.
The husband is a federal retiree, being fifty-six years of age and in apparent good health. His gross retirement is $858 monthly. He has a regular booth at a trade day and the testimony varies as to his profits from that business of from $25 per week to $1,000 in six weeks. He also owns four rental house trailers, one of which he personally uses. The other three trailers, according to some evidence, are rentable at from $125 to $180 a month each; however, two of them are in need of repairs before they can be rented. It was also speculated that the husband has some interest income.
All of the property of the parties was free from debt.
Their home was appraised at $43,500. The husband built the house for $22,000 beginning in 1960. It is now run-down and in need of repairs. He paid $2,500 for the lot upon which the house is situated. Also located at the rear of the house lot is a workshop which cost $5,000 to construct. The workshop and the rear one-half of the lot were estimated to be worth $10,000. Both parties used the workshop and, after their separation, they occasionally had some difficulties, arguments, and disagreements when the husband used it. The wife testified that the husband disturbed the personal property when he came to the workshop when she was absent from home. The four trailers and the twenty-two lots upon which they are placed were appraised at $17,000. After 1958 the parties bought little or no furniture and it is now worth only about $2,000. Other property owned by the parties, as to which there was no estimate of *Page 162 
its worth, consisted of two dump trucks and a trailer, a Chevrolet truck, a 1971 Ford pickup truck, a fishing boat and motor, a great number of tools, many of which were obviously valuable, and a 1973 Volkswagen automobile.
The husband had a checking account which he closed out. He withdrew $8,500 from his credit union. He cashed his $75 denomination savings bonds which had been accumulated and the wife testified that the stack of bonds was about three inches thick. He also sold the 1971 Ford pickup truck, fishing boat and motor for $1,000, but he may repurchase them for the same price. When he retired, he received $3,300 from the federal government for accumulated leave. The husband testified that, within approximately an eight to twelve month period, he had spent all of the above proceeds except for $700.
After an ore tenus trial which was conducted before the trial court on three separate days, a judgment was rendered which divorced the parties for incompatibility of temperament. The wife was awarded $500 a month as periodic alimony and she received the following property: the house and workshop, the furniture and appliances, the Volkswagen automobile, the Chevrolet truck and her personal tools.
The husband was awarded the four mobile homes, the twenty-two lots, all personal property and materials located in the workshop (which included the tools), all other vehicles, all trade day equipment, all garden tools including one rotor tiller, all moneys checked out of savings, and all refunds from joint income tax returns.
The division of property in a divorce case need not be equal but must be equitable according to the particular facts and circumstances of the case. Miller v. Miller, 361 So.2d 577
(Ala.Civ.App. 1978); Thompson v. Thompson, 377 So.2d 141
(Ala.Civ.App. 1979). The trial court has a wide discretion in awarding periodic alimony and in making a division of property.Hawkins v. Hawkins, 346 So.2d 967 (Ala.Civ.App. 1977). In an ore tenus matter, this court will not alter the trial court's judgment upon those issues unless it is so unsupported by the evidence as to be palpably wrong. Butts v. Butts, 418 So.2d 161
(Ala.Civ.App. 1982).
After a careful study of the evidence, we find no abuse of discretion in this case. While the amount of the periodic alimony might be considered to be somewhat high under some aspects of the evidence and while the wife received a liberal amount of the marital property, the decision of the trial court was fairly supported by credible evidence and was not clearly unjust, palpably wrong, or inequitable. We affirm the judgment of the circuit court.
The wife is awarded $250 from the husband for her attorney's fee on this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.