This is a divorce case.
The parties to this appeal were divorced after fifty-three years of marriage by the Chilton County Circuit Court. The trial court made a division of property awarding the husband twenty-eight acres of land and the wife five acres with the marital homeplace, barn and other improvements.
The wife, through able counsel, appeals, contending that the trial court erred in awarding the husband real estate which had been inherited by the wife from her family. We find no error and affirm.
It is axiomatic that a division of property is well within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal absent a plain and palpable abuse of discretion. Perkins v. Perkins, 419 So.2d 593
(Ala.Civ.App. 1982). The division of property does not have to be equal, only equitable. Factors to be considered in the division of property include the future prospects of the parties, their age, health, station in life, and length of marriage. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App. 1981).
Viewing the record with the attendant presumptions, the following is pertinently revealed. The wife was at the time of trial *Page 1020 
seventy-three years old and the husband, seventy-one. They were married, as indicated, fifty-three years and lived together on the "family" farm of some thirty-three acres for forty-seven years, raising seven children. The wife had inherited the farmland from her family in 1936. The husband built the house and barn with materials largely bought by the wife.
Both the husband and wife worked the family farm during the marriage. Occasionally the husband worked various jobs outside the farm. In the last years of the marriage, both parties experienced a decline in their health. The wife has had a kidney removed and suffered three heart attacks. The husband injured his back in an automobile accident and has been unable to work consistently since then. The parties, at present, support themselves mainly from Social Security and help from their children.
The trial court divided the parties' property so that the wife retained the marital home, five acres, a barn and improvements. The husband received twenty-eight acres of land. The husband has no house and at present lives with one of his daughters. Under the instant facts, we find no abuse of discretion in such a division. It is true that the wife was deeded the property in 1936. However, where property is used regularly for the common benefit of the parties during their marriage, such property may be divided as the equities require. Ala. Code § 30-2-51 (1975). Johnson v. Johnson, 423 So.2d 871
(Ala.Civ.App. 1982).
It is clear from the record that the land in question was used for the common benefit of the parties. From this farm the family made their livelihood. While there is some conflict as to who contributed what and how much, it is the duty of the trier of fact to resolve such conflicts. We cannot substitute our judgment for that of the trial court. Allen v. Allen,385 So.2d 1323 (Ala.Civ.App. 1980). In any event, it is left to the trial court to use any reasonable means to effect a just property settlement and just equities between the parties.Simmons v. Simmons, 422 So.2d 799 (Ala.Civ.App. 1982). Regardless of the contributions made by the respective parties, the evidence supports a finding that the property in question was used for the common benefit during the marriage, and as such the trial court is empowered under § 30-2-51 to divide the property as equity requires.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.