This is a divorce case.
Upon his appeal, the husband raises three primary issues. *Page 1093 
 1.
The wife's divorce complaint was filed on July 14, 1982. It alleged that the parties were separated on July 5, 1982. That allegation was amended to aver that the separation happened on October 21, 1982, and it was later alleged that the separation was on November 24, 1982.
On June 8, 1983 the wife's attorney filed a motion, which was dated June 1, 1983, to dismiss the case on the ground that the parties had reconciled their marital differences. On June 8, 1983 the trial court, apparently ex parte, granted that motion and the case was dismissed. On September 20, 1983 the husband's attorney filed a motion under rule 60 of the Alabama Rules of Civil Procedure. Therein, it was alleged that the trial court had erroneously believed that the parties had reconciled and had resumed their marital relationship and that the trial court entered the June 8, 1983 order by mistake. The circuit court entered an order on October 21, 1983 which recited that the parties agreed that the matters should be reinstated, and the trial court vacated and held for naught its prior order of dismissal.
On November 22, 1983 the wife presented the only evidence about any reconciliation of the parties. In its entirety that evidence was that they "went back together," "I believe we went back together the last week in March [1983], and the last week in June [1983] he walked out on me." There was some other evidence that, while the parties occupied the same house on occasions, they did not do so as husband and wife.
Learned counsel for the husband contends that the trial court did not have jurisdiction to render a judgment upon the merits in view of the above facts.
The husband argues that the two amendments as to the date of the separation of the parties clearly indicated that they had reconciled. However, that conclusion is conjecture, for there was no evidence that such had occurred. The evidence which was given by the wife that they "went back together" in March and that the husband walked out on her in June was presented ore tenus before the trial court. That court could have justifiably ascertained that such evidence constituted inadequate proof of a reconciliation under Jones v. Jones, 402 So.2d 1007
(Ala.Civ.App. 1981), and Rikard v. Rikard, 387 So.2d 842
(Ala.Civ.App. 1980).
Additionally, we find no fault in the grant of the husband's rule 60 motion by agreement of the parties. The net effect was the same as if the trial court had heard evidence and reached the same result. While parties may not confer subject matter jurisdiction upon a court, the whole point of the husband's motion was that a mistake had been made since no reconciliation had occurred, and, in actuality, that jurisdiction had never been withdrawn by any reconciliation. We can comprehend no just cause for the husband to now complain of the action of the trial court in providing to him the very relief which the husband initiated and sought by his rule 60 motion. The trial court must have accepted as being the truth the agreement of the parties to reinstate the case, which was the equivalent of an admission by both parties that there had been no reconciliation.
 2.
The husband is fifty-nine years of age and the wife is fifty-eight. When they married they possessed no assets. They were married for forty years and raised five children, who are all adults at this time. During the first half of their marriage, the family income was derived from row crop farming and it was a period of hard work and struggle for both of them. Between fifteen and twenty years ago, the husband changed his economic endeavors to cattle raising and trading, and to the growing of broiler type chickens. He later started, and sold, a business whereby wood shavings, a by-product of planing mills, were hauled and sold by him to broiler growers who used the shavings as litter. These enterprises were managed and operated by the husband. He apparently prospered *Page 1094 
in these pursuits and the wife had an easier life thereafter. His total income as reported on his 1981 and 1982 tax returns averaged $17,826.
According to the undisputed calculations of counsel for the husband, which calculations except for mathematical errors are supported by the record as supplemented, the values of all of the assets of the parties were as follows:
Item Value
1. Home and 76 acre farm $136,900.00 2. Cattle 26,250.00 3. Farm equipment 32,620.00 4. Motor home 6,000.00 5. 1980 truck 4,000.00 6. 1978 Malibu car 4,500.00 7. Pickup truck 2,000.00 8. Debt owed by daughters, sons-in-law, and son 103,468.00 9. Furniture 5,000.00 ----------- Total $320,738.00 Less debt to Pankey 8,000.00 ----------- Net worth $312,738.00
The final judgment adjudged that the parties "shall jointly own all real estate accumulated by the parties." Their only real estate consisted of the homeplace, the seventy-six acre farm.
Again, we utilize the undisputed computations of the husband's attorney. The wife was awarded the following property by the final judgment:
 One-half of the real estate (farm) $ 68,450.00 One-half of mobile home 3,000.00 1978 Malibu automobile 4,500.00 One-half of debts of children 51,734.00 Practically all of furniture 5,000.00 Alimony in gross 15,000.00 ----------- Total $147,684.00
The trial court awarded to the husband the following:
 One-half of real estate (farm) $ 68,450.00 Cattle 26,250.00 Farm equipment 32,620.00 One-half of mobile home 3,000.00 1980 truck 4,000.00 Pickup truck 2,000.00 One-half of debts of children 51,734.00 ----------- Total $188,054.00
 Less: Alimony in gross $15,000.00 Attorney fee 2,500.00 Pankey debt 8,000.00 ---------- Total 25,500.00 ----------- His net $162,554.00
The final judgment allowed the husband the right to retain the use and possession of the homeplace of seventy-six acres. He was required to pay to the wife $500 a month as periodic alimony and to maintain his present life insurance upon his life and to designate the wife as the irrevocable beneficiary thereof. According to the evidence, including that of the husband, he had only one $10,000 life insurance policy.
The husband contends that the trial court's division of property and the award of periodic alimony were inequitable and an abuse of discretion.
He argues that the award of almost one-half of the assets to her might be reasonable alone, and that periodic alimony might be reasonable alone, but that, when combined to the degree as was done in this case, they are inequitable. Yet, the husband himself testified that he desired that the property be left in their joint names, but that he should have its use and possession, and that he was willing to support her by the payment of alimony.
The husband further contends that his possible future need to modernize his broiler and cattle businesses is jeopardized by the trial court's judgment since he was left without borrowing capabilities. The husband had filed a motion for a new trial or to modify the judgment under rule 59, A.R.Civ.P. The argument to us by his present attorney was substantially the same argument which was eloquently made to the trial court at the hearing upon the husband's rule 59 motion by the husband's then counsel who had represented the husband during the trial. At the conclusion of that hearing the trial court stated the following:
 "In trying to reach a decision in this case you are right, I tried to put a lot of thought into it. It was not my intent to hamstring Mr. Bright in the operation of that farm because he is managing that part of it, or to in effect make him a slave were he to continue to operate the *Page 1095 
place in support of Mrs. Bright. At the same time, I recognize Mrs. Bright's contribution towards the establishment of that estate. Both of these folks have worked real hard for a long time, and both have contributed. I did have some concern on these notes receivable, for instance, whether or not if they were vested entirely in Mrs. Bright, whether or not she might simply forgive those notes. . . . I was concerned about that.
 "I was also concerned about the situation of what happens after these notes have been paid in full. I thought maybe the best equitable way to do it would be to benefit both, both gaining equal benefit from those notes receivable. And then, the alimony be paid.
 ". . . I wanted to draw the decree in such a way as for her to — for Mr. Bright to continue to have the operation of that farm. At the same time, I tried to divide the property equally, at the same time provide enough liquidity for Mrs. Bright to go out and get another place. That is what she wanted to do. And then, have enough money coming in, either from the combination of the alimony and half of those notes receivable to sustain herself, to be able to pay her bills and support herself. At the same time both parties would be continuing to have equity in the real property.
"I realize that a problem can arise in the future."
The husband's rule 59 motion was overruled by the trial court.
The evidence was heard orally by the trial court, and its findings as to alimony and as to a division of the property are, consequently, presumed to be correct and can be set aside on appeal only if they are palpably wrong. The award of alimony and the division of the property of the parties fall within the sound judicial discretion of the trial court, which is reviewable only for abuse thereof. The division of property in a divorce case may be unequal but it should be equitable. Halev. Hale, 439 So.2d 160 (Ala.Civ.App. 1983); Kaiser v. Kaiser,434 So.2d 264 (Ala.Civ.App. 1983).
We have considered all of the trial evidence, and we are not persuaded that the trial court abused its discretion or rendered an inequitable judgment regarding alimony, the property division, or the life insurance. Under those circumstances we cannot substitute our opinion for that of the trial court even though the husband's proposed division of property also contains equity.
There being no citation of authority on the issue of the ability of the wife to manage money, we do not consider it.Neal v. First Alabama Bank of Huntsville, 440 So.2d 1111
(Ala.Civ.App. 1983).
There was no error as to this issue.
 3.
The trial court awarded to the wife an attorney's fee of $2,500. The husband complains that, since no evidence was presented to the circuit court upon the reasonableness of a fee, his constitutional right of due process was violated because no confrontation was afforded to him. He argues that the judgment cannot be upheld on appeal for lack of supportive evidence. We find no merit in the husband's contentions. Hodsonv. Hodson, 276 Ala. 227, 160 So.2d 637 (1964); Ray v. Ray,379 So.2d 627 (Ala.Civ.App. 1980); Godec v. Godec, 346 So.2d 459
(Ala.Civ.App. 1977). The husband had an opportunity to raise as an issue and to present evidence that such a fee was unreasonable at the hearing upon his rule 59 motion, but he did not do so.
Having found no error as to any issue which was raised upon the appeal, we affirm the judgment of the trial court.
The wife's request for an attorney's fee upon this appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1096