EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
After an ore tenus trial, the circuit court divorced the parties and appointed appraisers, at the cost of the husband, to establish the value of the homeplace of the parties and of the husband’s interest in his business. One-half of their appraised total equity in the house was to be the value of the husband’s interest therein, which would be paid to him upon its being sold or upon the wife’s remarriage, with the wife being granted the exclusive use of the homeplace in the interim, and the wife was to be responsible for the indebtedness due on the homeplace. The wife was awarded one-half of the husband’s half-interest in his business, and the appraiser was to determine the value of her interest therein which would be paid to her upon the business being sold or upon the remarriage of the husband, with the husband, in the meantime, to have exclusive possession of the business, and he was to be responsible for any indebtedness due against it. The cemetery lots were to be divided equally between them. The household goods and furnishings were to be equitably divided between them. Each party was granted the vehicle then in his or her possession, and each received his or her own savings, investments and retirement assets.
The husband took two appeals, which have been consolidated. His first appeal questions the following: the tying up of his interest in the home until it is sold or the wife remarries; the award of any interest in his business to the wife; the appointment of appraisers at his expense; and the order that the household goods and furnishings be equitably divided. His second appeal questions an order that he return to the wife certain household goods which he removed from the homeplace without the wife’s consent after he took his first appeal.
I. (Civil No. 4754)
In viewing the record with the attendant presumptions which are accorded to the trial court’s judgment of divorce, the following is revealed:
The parties were married for twenty-five years. The husband is fifty years of age, and the wife is forty-five. Both have received a high school education. Both parties have worked during the entire marriage.
The husband owns fifty percent of a barbeque business. The remaining stock is owned by two other individuals. The husband borrowed $45,000 to buy into the business and still owes $31,000 on that loan. The value of the business was unknown to the husband and there was no evidence as to its value. The husband works full time in that business, and his net salary is about $1,250 each month, plus a monthly allowance of $200. From the business he pays $200 each month to his daughter who has reached the age of majority and, as a college freshman, is being supported by both parents. The husband’s I.R.A. has a current value of about $14,000.
The parties jointly own a home which the husband valued at $130,000, subject to a *45 mortgage balance of $23,726, the monthly payment thereon being $247.57.
The wife’s take-home pay is about $480 every two weeks. Her savings and investment plan through her employer is worth about $6,000, and in another three years she will have a vested interest in her retirement plan.
After a thorough study of the divorce judgment, it appears that the trial court endeavored to equally divide all of the property which this couple had both worked for and accumulated during their twenty-five-year marriage. While there is no requirement in Alabama that property be equally divided, any division, as ordered by a trial court in a divorce case, must be equitable. A division of property falls within the sound discretion of the trial court, whose decision thereon is reversible only for a clear abuse. Where the evidence is heard ore tenus by a trial court, its division of property is presumed to be correct and can be set aside on appeal only if it was unsupported by the evidence or was palpably wrong. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App.1984). After a thorough consideration of all of the evidence and of each of the issues, which were aptly argued by able counsel for both parties, we are not convinced that the trial court erred as to any of the issues which were raised. We do not find that the division as here made was inequitable, or that an abuse of discretion thereby occurred, or that it was not supported by the evidence, or that the trial court was plainly and palpably wrong.
Deeming that the above disposes of all issues which were raised as to the first appeal, the divorce judgment in civil case number 4754 is affirmed.
The wife requests an attorney’s fee for representation on this appeal. An award for that purpose is hereby made against the husband in the amount of $500 in civil case number 4754.
II. (Civil No. 4850)
The husband here appealed from a judgment which ordered the husband to return to the wife all of the household goods and furnishings which he removed from the home of the parties after giving notice of appeal from the divorce judgment. The following is pertinently revealed by the record of the ore tenus hearing in the trial court.
The wife testified that the parties had not worked out a division of the furniture and equipment. The husband removed some of the furniture from the home while the wife was in Atlanta in connection with her job. She learned that the husband was moving it upon receiving a telephone call from a neighbor. She then called the husband from Atlanta and told him that she would kill him if he moved it. The husband, nevertheless, took a king-sized bedroom suite, a trundle bed, the den furniture, the dining room furniture and some china. He left at the house the daughter’s bedroom suite, a bed and dresser in another bedroom, the living room suite, the foyer furniture, the breakfast suite, the refrigerator, washer, dryer, deep freeze, stereo, coffee table and other items.
At the conclusion of that hearing, the trial court stated, “[I]’m going to hold that he cannot unilaterally divide the furniture and I’m going to ... order that he take it back and that it be divided pursuant to the decree.” A judgment to that effect was entered, and the husband duly appealed.
We agree with the trial court. Neither party could unilaterally divide the household goods and furnishings. Since the husband took unauthorized action in that regard, it was not error for the trial court to order a restoration of the status quo by a return of the household items to the wife. If the parties cannot agree upon its division, appropriate motions may be made to the trial court for further orders so as to obtain an equitable division thereof.
The judgment in civil case number 4850 is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Ala *46 bama -1975, and this opinion is hereby adopted as that of this court.
BOTH APPEALS AFFIRMED.
All the Judges concur.