EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The husband appealed and contends that the trial court abused its discretion in making a division of the property of the parties. In the final judgment, two lots and the residence thereon were ordered sold, with the sale proceeds to be divided equally between the parties after first satisfying any liens of record. The parties were ordered to agree upon an equal division of all personal property located at the residence. The husband was awarded an automobile. The tractor-truck of the husband, which he used in hauling freight for his livelihood, was not mentioned in the judgment, but it would remain as his property. Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App.1980).
There was a conflict in the evidence as to many factual issues, especially fault. The parties were married for about fourteen years. The husband is sixty-nine years of age and the wife is fifty-two. She was diagnosed as having cancer in 1979. Many major surgical procedures were performed upon her and she also had chemotherapy treatments. During the marriage the husband worked regularly at several different jobs and the wife was employed during most of that time. The wages of the parties were used for their living expenses and for the accumulation of assets. The home was estimated to be worth about $20,000 by the husband, who testified that it was free from any mortgage but that it was subject to a judgment of about $11,000. The two lots are in the names of both parties. Any further summary of any of the evidence would serve no useful purpose.
The law governing our review of this issue is so frequently stated and applied that it might appear to have become shopworn. Since the trial court heard the evidence, its finding as to the division of property is presumed to be correct and will be set aside on appeal only if it was so unsup *47 ported by the evidence as to be palpably wrong. The trial court’s decision on the issue fell within that court’s judicial discretion and is reversible only for an abuse thereof. While a division of property in a divorce case does not have to be equal, it must be equitable. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App.1984); Hale v. Hale, 439 So.2d 160 (Ala.Civ.App.1983).
We have carefully read and studied all of the trial evidence. It supported the division of property as made by the trial court. We are not persuaded that the trial court abused its discretion, was palpably wrong, or rendered an inequitable judgment as to the property division. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.