This is a divorce case.
The parties were married in August 1975. The husband, David McCluskey, adopted the wife's minor son, Alan, age seventeen, subsequent to the marriage. Another son, Clint, age five, was born of the marriage.
The wife, Janice McCluskey, filed for divorce in November 1984. After a hearing the trial court issued a judgment of divorce in May 1985. The wife was awarded custody of the couple's minor children. She was also given use and occupation of the marital home for herself and the minor children during their minority or until she and the minor children cease to reside therein — whichever comes first. The husband was ordered to pay $350 per month as child support and the monthly mortgage payment of $332.17. When Clint reaches the age of majority or if the wife and minor children cease to reside in said residence, the property was to be sold.
The proceeds from the sale of the property were to be divided as follows:
 "All commissions and expenses of sale are to first be paid from the proceeds. One-half of the sales price minus the commissions and expenses of the sale shall be paid to the Plaintiff. The remaining unpaid amount of the mortgage, if any, shall be paid from the second half of the net proceeds. Should there be insufficient funds to pay the balance of the mortgage from the second half of the net proceeds then the necessary amount should be paid from the net proceeds of the Plaintiff's one-half interest. The balance of the proceeds of the second half shall be paid to the Defendant."
The husband filed a motion for a new trial or in the alternative to alter, amend or vacate judgment. The motion for a new trial was denied. The trial court did, however, reduce the amount of child support from $350 per month to $250 per month. The husband appeals.
On appeal the husband raises three issues. In his first issue he contends that the division of marital property and the allocation of debt and child support are unsupported by the evidence.
As noted above, the wife was awarded use of the marital home and the husband was required to pay the monthly mortgage payment. In addition the wife was awarded all of the household furniture and appliances and the trust fund at SouthTrust Bank, which was valued at $87,000 at the time of the hearing. The remainder of the property division allocated the couple's automobiles, personal effects, and other miscellaneous items.
Initially we note that the division of property, after consideration of the equities and contribution by the parties is within the sound discretion of the trial court. The exercise of this discretion by the trial court will not be disturbed on appeal unless there is a palpable abuse. Farmer v. Farmer,398 So.2d 723 (Ala.Civ.App. 1981).
In the present case there was evidence to indicate that the wife owned a house at the time of the marriage and she also owned household furniture and appliances. The evidence also shows that after the marriage the couple borrowed $30,000 against this house to make a down payment on a farm. They later sold the farm and used the proceeds to make a down payment on their present residence. The wife was awarded custody of the two minor children. Based on these factors, we do not find that the trial court abused its discretion when it awarded the wife the use of the home *Page 68 
during the minority of the children. Hudson v. Hudson,391 So.2d 664 (Ala.Civ.App. 1980).
The husband further contends that the trial court's order is inequitable in that he is required to pay $250 per month as child support and, in addition, he is required to pay the monthly mortgage payment of $332.17. The evidence at the hearing indicated that the husband's monthly income is $1,050 and that he lives rent-free in the basement apartment located in his sister's home. The husband testified that the monthly expenses to run the family home averaged from $1,500 to $1,800.
The wife testified that monthly expenses averaged $1,671. She further testified that her monthly income was $823 and, therefore, she needed help to make ends meet.
When making an award of child support, the trial court should always consider the needs of the child and the ability of the parent to respond to those needs. The trial court is given the discretion to award child support and will be overturned only for a palpable abuse of discretion. Mansell v. Mansell,437 So.2d 588 (Ala.Civ.App. 1983). In this case we find no abuse of discretion because the wife needed help to provide for the needs of the children and the husband had the ability to provide that help.
The husband also argues that the trial court erred in awarding the wife the trust fund at SouthTrust Bank valued at $87,000. The evidence indicates that this trust fund had been established in the wife's name by her parents sometime in the early 1960's. The evidence also indicates that at least a portion of the monthly sum of $175 distributed to the wife from this trust was used to pay some of the family's bills. The husband contends that, since the trust fund was used for the common benefit of the parties, then it could be divided as the equities require. Easterling v. Easterling, 454 So.2d 1019
(Ala.Civ.App. 1984); § 30-2-51, Code 1975.
Factors to be considered by the court in dividing property in a divorce action are the future prospects of the parties, their ages, sex, health, station in life, length of marriage, and in proper cases the conduct of the parties in reference to the dissolution of the marriage. Wilson v. Wilson, 404 So.2d 76
(Ala.Civ.App. 1981). Another factor for consideration by the court is the origin of the property. Property which has been regularly used for the common benefit of the marriage is available for division. Easterling v. Easterling, supra. It is not required that such property be divided, merely that it be considered by the court when making a property division. Mackv. Mack, 389 So.2d 1156 (Ala.Civ.App. 1980). Another consideration for the trial court in making a property division is the welfare of minor children. Mack v. Mack, supra.
The record reveals that the wife was given custody of the parties' two minor children and was permitted to remain in possession of the marital home until the younger child reached nineteen.
The trial court could have reasonably concluded from the evidence that the wife, due to the expense of raising and educating two children, would need all the resources that could be made available to her. And, in view of the evidence, we cannot say that the trial court abused its discretion in permitting the wife to retain the trust fund and the income therefrom.
In his second issue the husband contends that the trial court erred when it considered testimony contained in depositions never stipulated to by the parties nor introduced at trial. The husband's motion to have the depositions certified and transmitted to the court was granted. There were four such depositions: that of the wife, of Alan McCluskey, the couple's seventeen year old son, of Dr. Gilbert Sullivan, the wife's employer and brother-in-law (all of whom testified at the hearing), and the deposition of Debbie Held, a neighbor, who did not testify at the hearing. However these depositions were never formally admitted into evidence. *Page 69 
A careful review of the record reveals ample evidence to support the trial court's decree without considering the depositions in question. This being the case, consideration of the depositions by the trial court is harmless error. Davis v.Davis, 451 So.2d 316 (Ala.Civ.App. 1984); Rule 45, Alabama Rules of Appellate Procedure.
In his third issue the husband contends that the trial court abused its discretion when it awarded custody of the minor children to the wife. In determining which parent should be awarded custody of the children, the trial court looks at what would be in the children's best interests. The determination of child custody is within the trial court's discretion and will be overturned only upon a finding of palpable abuse of that discretion. Mansell, supra.
In the present case there was evidence to indicate that both parents loved the children and were fit to have custody of the children. Therefore, we cannot say that the trial court abused its discretion by awarding custody to the wife.
The wife's request for an attorney's fee on appeal is granted and she is awarded $450.
The trial court's decree is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.