BRADLEY, Presiding Judge.
This is a divorce case.
The parties, Peggy Jean McLendon and Jack Gordy McLendon, were divorced in July 1987. The court’s decree ordered, among other things, that: (1) the wife was not entitled to alimony; (2) the wife was not entitled to a portion of the husband’s individual retirement account (IRA); (3) the husband would receive the wife’s interest in the family business with no corresponding compensation to the wife; and (4) the husband would pay the wife $81 per week for the support of the parties’ two minor children.
It is from these particular provisions of the divorce decree that the wife appeals.
Both an award of alimony and the division of property are matters subject to the discretion of the trial court. Ex parte Kirkley, 418 So.2d 118 (Ala.1982). Additionally, when evidence on these matters is presented ore tenus, the court’s findings concerning alimony and property division are presumed correct, and we will reverse only upon a showing of palpable error. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App.1984). Reversal on these matters may not be entered simply because we might have reached a different conclusion had we been the trial court. Miller v. Miller, 361 So.2d 577 (Ala.Civ.App.1978).
No precise formula exists by which we may determine whether the trial court’s alimony award is correct. Clift v. Clift, 346 So.2d 429 (Ala.Civ.App.), cert, denied, 346 So.2d 439 (Ala.1977). Factors, however, that should be considered by the court in making an alimony award are the parties’ current earning ability and their future earning prospects, their age, health, position in life, and the length of their marriage. Clift. The court may also consider the fault of the parties when it awards alimony. Miller, supra.
Our examination of the record indicates that the husband’s earnings have re *451 cently been reduced. In February, prior to the couple’s divorce, the husband lost his job as shop foreman with a trailer manufacturing business. Although he still works for the same business, the husband now works fewer hours and is paid a lower hourly wage. His employer testified that he did not foresee the husband’s hours or wages increasing in the future.
Additionally, testimony indicated that the husband’s removal as shop foreman was due to his opening a similar business of his own. This business, according to the husband, currently is not profitable, and he has recently invested more of his own money in the venture. In short, the husband’s future earning prospects do not indicate rapid improvement.
We also note that the husband’s current net monthly income is approximately $1,200 to $1,300. His estimated monthly expenses are about the same amount.
In addition to the evidence concerning the husband’s earnings and earning capacity, there was testimony indicating that the wife was largely responsible for the breakup of the marriage due to her extramarital activities. There also is testimony that the husband wanted to attempt a reconciliation but the wife refused.
In view of the record evidence, we cannot find an abuse of discretion or palpable error in the court’s decision not to award alimony. Bright, supra.
We now turn to the court’s division of the marital property, particularly its decision not to award the wife a portion of the husband’s IRA or to compensate her for her interest in the family business. As stated previously, the division of property is subject to the trial court’s discretion. Kirkley, supra. That division must be equitable; it does not, however, have to be equal. Bright, supra.
Pursuant to the property division, the wife received one-half the monies of the parties plus one-half the equity in the marital residence of the parties. She also got the newer of the parties’ two automobiles. In view of the total property award, we find no inequity in the court’s decision to award the husband the IRA and the family business.
Finally, the wife appeals the trial court’s child support award, asserting that $81 per week is inadequate. In making a child support award, the trial court should consider both the child’s needs and the parent’s ability to respond to those needs. McCluskey v. McCluskey, 495 So.2d 66 (Ala.Civ.App.1986). An award of child support is discretionary with the trial court, and such an award will not be reversed unless the court palpably abused its discretion. McCluskey.
As previously stated, the husband’s current expenses require almost all, if not all, of his monthly income. The court must consider the parent’s ability to pay when making a child support award. McCluskey. We cannot say that the court’s decision to set the child support payment at $81 per week is in error considering the husband’s current ability to pay. We would also point out that a child support award is never final and may be modified upon a showing of a material change in circumstances. Brown v. Brown, 476 So.2d 114 (Ala.Civ.App.1985).
The judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee is denied.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.