ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from the denial of a child custody and support modification request.
Sharon and Kenny Gortney were divorced in July 1988. The custody of the only child of their marriage was awarded to them on a joint custody basis. Kenny was required to continue making the mortgage payments on a thirty-acre parcel of land until the mortgage was satisfied. Upon satisfaction of the mortgage, the court ordered both Sharon and Kenny to sign a deed conveying the land to their child. Kenny was also required to pay for baby sitting or day care costs for the child and to maintain medical and hospital insurance for the child’s benefit. Each parent was required to furnish necessary clothing for the child during the times they exercised custody.
Sharon requested that this decree be modified to require Kenny to pay child support due to increased costs of rearing the child. The wife also requested that she be granted full custody of the child, with reasonable visitation rights awarded to Kenny.
After a hearing the trial court, on September 28, 1989, refused to alter the joint custody arrangement of the parties and denied the request for child support payments on the ground that no change in circumstances was shown. Sharon appeals and asserts that the trial court erred by refusing to award child support.
*259 A trial court has the judicial discretion to modify a child support award where a change in circumstances has occurred, and the court’s decision will not be changed unless it is shown that the court has abused its discretion. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App.1987). In making or not making a child support award, the trial court should consider the needs of the child and the ability of the parents to respond to such needs. McLendon v. McLendon, 523 So.2d 449 (Ala.Civ.App.1988). Because this petition was filed in May 1989, Rule 32, Alabama Rules of Judicial Administration, as amended August 29, 1989, does not apply.
The record shows that at the time of the divorce decree the parties were given joint custody of the child and that, except for some specific items of support to be given the child by the father, each parent was required to support the child while it was in his or her custody.
At the time of the divorce the wife was earning about $15,000 per year. The evidence is silent as to whether there has been an increase or a decrease in her earnings since that time. However, the evidence does show that the father’s annual income has increased about $5,000 since the divorce decree, and he now earns about $35,-000 a year. Additionally, the record reveals that Kenny is paying, as ordered, the medical insurance premiums for the child’s benefit, is paying the child’s day care costs, has transferred title to the thirty acres of land to the child, and buys clothing for the child.
As pointed out by Kenny in his brief, the record is silent as to the need for an increase in child support. In other words, there is no evidence showing that the financial needs of the child have changed materially since the parties’ divorce.
In the absence of evidence as to the increased financial needs of the child, we cannot say that the trial court abused its discretion in refusing to award additional child support. Hence, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.