THOMPSON, Presiding Judge.
 

 Jimmy Roden (“the husband”) appeals from the judgment of the DeKalb Circuit Court divorcing him from Dorothy Roden (“the wife”). For the reasons stated herein, we reverse the trial court’s judgment and remand the cause for the entry of a new judgment.
 

 The parties were married on October 31, 1970. Two children were born of the marriage. At the time of the trial, both children were adults. During the marriage, the parties lived in a house (“the marital residence”) that was located on two acres.
 

 On February 15, 2008, the wife filed an action seeking a divorce. Following a trial, the trial court entered a judgment divorcing the parties and dividing the marital property. As part of the distribution of the marital property, the trial court awarded the wife a life estate in the marital residence, and it awarded the parties’ children the remainder interest. The husband was divested of his interest in the marital residence.
 

 The husband filed a motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial. At the hearing on that motion, he argued, among other things, that the trial court should not have awarded the remainder interest in the marital residence to the children. The trial court denied the husband’s motion, and the husband filed a timely appeal to this court.
 

 On appeal, the husband contends that the trial court erred in its division of the marital property by awarding the children an interest in the martial residence. He argues that the children were not parties to the action and that they had no property interest in the marital residence.
 

 In support of his contention, the husband cites
 
 Ex parte Kirkley,
 
 418 So.2d 118 (Ala.1982). In
 
 Kirkley,
 
 the trial court, in a judgment divorcing the parties and dividing their property, ordered the parties to sell their marital residence and to distribute to the husband’s first wife $95,000 of
 
 *2
 
 the proceeds of the sale. Our supreme court reversed the trial court’s judgment, writing:
 

 “The [first] wife has no claim to the property. The title to the marital home of [the husband] and his first wife was transferred to [the husband] by [their] divorce decree. Since the first wife had no right or title to the first house, it is obvious that she could not have any right or title to proceeds from the house which was later built by [the husband and the second wife].
 

 “If [the husband] owed the [first] wife money under the terms of [their] divorce decree, she had the remedy of filing a contempt suit against him. The matter before the Court, however, is to adjudicate a property settlement between [the husband and the second wife], not to determine his compliance with the divorce decree dissolving his former marriage.
 

 “As stated previously, we do not rule on whether or not the trial judge abused his discretion in regard to the division of property between [the husband] and his second wife. The trial judge must, however, consider the
 
 total proceeds
 
 from the sale of [the husband and the second wife]’s marital residence in determining the property settlement.”
 

 418 So.2d at 120.
 

 In
 
 Johns v. Johns,
 
 49 Ala.App. 317, 271 So.2d 514 (Civ.1973), the trial court entered a judgment divorcing the parties and dividing their marital property. That part of the property division pertaining to the marital residence was virtually identical to the property division in the present case— the trial court awarded the wife a life estate in the marital residence and awarded the parties’ children the remainder interest in the marital residence. This court reversed the trial court’s judgment on the basis that the evidence did not support the reason for which the divorce had been sought. However, in dicta, this court addressed the trial court’s property division as it pertained to the marital residence as follows:
 

 “Any discussion by this Court of the question of abuse of discretion of the trial court in divesting title to the home from [the husband] would be of no benefit under the circumstances. However, in an effort to avoid possible appeal in event of a similar decree upon a new trial, we make some observations considered pertinent.
 

 “It would appear that consideration should be given by the trial court to whether or not divesting title from [the husband] into the two sons with only a life estate in the [wife], would amount in fact, to awarding property of the [husband] to the sons. The sons are almost of legal age and not entitled to support from the [husband] after reaching that age. They would have no right to the property of the [husband] except for use as a home during minority or to proceeds from a sale for purposes of support. We are unaware of any power of a court in a divorce decree to take property from a husband and father and vest the title in his children when the purpose of such award is other than support, or unless such provisions are incorporated in the decree as a result of an agreement made between the husband and wife.”
 

 49 Ala.App. at 320, 271 So.2d at 516.
 

 In the present case, it is undisputed that the two children of the marriage are adults to whom neither party owes a legal duty of support. Furthermore, neither of the children were parties to the divorce action, and the record does not disclose that either child has a property interest in, or has made a claim to, the marital residence. Based on the reasoning expressed in
 
 Ex
 
 
 *3
 

 parte Kirkley,
 
 as well as on the reasoning expressed, albeit in dicta, in
 
 Johns,
 
 we conclude that the trial court erred when it conferred on the parties’ children the remainder interest in the marital residence. As a result, we reverse the trial court’s judgment and remand the cause to the trial court for the entry of a new judgment consistent with this opinion.
 
 [1]
 

 The husband also argues on appeal that the trial court’s division of the parties’ personal property was inequitable, that the trial court erred in ordering him to pay $6,000 toward the wife’s expenses and attorney’s fee, and that the trial court erred in finding that there was sufficient evidence regarding the value of the marital residence. Because we are remanding the cause to the trial court for the entry of a new judgment that, in practical effect, may impact the validity of the husband’s additional arguments, we do not address those arguments.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In so holding, we do not mean to imply that, should the wife ultimately receive fee-simple title to the marital residence, she would not be allowed to divest herself of that title by conveying to herself a life estate in the marital residence and conveying to the children the remainder interest therein.