This appeal is from the denial of modification of a divorce decree. We reverse.
After seventeen years of marriage the parties were divorced on May 5, 1976. Mr. Travis was ordered to pay $125 weekly child support, all medical and dental bills of the five children, parochial school tuition ($1,282 a year at the time), an appliance service contract ($150 each year), swim club dues ($60 every year), an attorney's fee for Mrs. Travis, and an arrearage in support payments. On July 30, 1976, Mr. Travis petitioned the court for modification. As amended the petition sought elimination of the tuition and swim club payments and/or a reduction in the amount of support payments on the ground that Mr. Travis' income *Page 322 
was substantially less than at the time of trial. After hearing the evidence ore tenus on November 3, the court denied the motion to modify. Mr. Travis appeals.
The evidence revealed the following: Mr. Travis was an employee of Dixie Engineering at the time of the divorce trial and earned $1,250 monthly ($900 net take home). For a time after the trial and at the time of the original modification petition he was unemployed. The record does not reveal why Mr. Travis lost his job. Some time later he began to work for Hinton Beef and Provision at $867 per month ($611 net take home). He also works at least one day a week for the Mobile County Racing Commission and earns $18 daily ($16 net take home). Mr. Travis rents an apartment for $155 and lives there with one Cynthia Bryant as he has since prior to the divorce. His monthly individual expenses are $64 for life insurance, $56.68 for hospital insurance for the children, $39 for phone and electricity, $60 for gasoline, $10 for clothing, and $120 for food. Mr. Travis has paid only $50 per week for child support since the decree and is thus in arrears in payment. Mrs. Travis at the time of the divorce trial was working at a local school for $16-$17 a day or about $290 monthly take home pay. Under a trust fund established by her grandfather she received less than $200 annually. She now works at the University of South Alabama Medical Center for $447 each month ($300-$310 net take home). She testified that she spends $200-$250 monthly on food. She now pays for hospitalization insurance on herself and car insurance on herself and her oldest daughter as added expenses since the divorce.
The original decree regarding support remains conclusive so long as there is no material change. Lansdell v. Snoddy,269 Ala. 344, 113 So.2d 151 (1959); Buchanan v. Buchanan,49 Ala. App. 528, 274 So.2d 84 (1973).
Modification of a prior provision for child support in a divorce decree is a matter within the sound discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if there is such an abuse of discretion as to make the decision plainly and palpably wrong. Skipper v.Skipper, 280 Ala. 506, 195 So.2d 797 (1967); White v. White,334 So.2d 908 (Ala.Civ.App. 1976).
The amount of child support to be granted depends upon the needs of the child and the ability of the parent to pay. Womblev. Womble, 56 Ala. App. 318, 321 So.2d 660, cert. denied,295 Ala. 429, 321 So.2d 664 (1975); Ellison v. Ellison, 48 Ala. App. 80, 261 So.2d 911 (1972).
Mr. Travis has a duty to support and maintain his children and to educate them in a manner commensurate with his means.Ogle v. Ogle, 275 Ala. 483, 156 So.2d 345 (1963); Scott v.Scott, 247 Ala. 598, 25 So.2d 673 (1946); Farmer v. Coleman,231 Ala. 527, 165 So. 778 (1936); Hopper v. Hopper, 54 Ala. App. 144, 306 So.2d 13 (1974).
But the payment of child support should be within the reasonable financial ability of the parent. Womble v. Womble,supra. And the payment should not be so much that it will cripple him by compelling him to give up all of his income.Sides v. Sides, 284 Ala. 39, 221 So.2d 677 (1969); Leo v. Leo,280 Ala. 9, 189 So.2d 558 (1966); Pruett v. Pruett,333 So.2d 580 (Ala.Civ.App. 1976); Sellers v. Sellers, 50 Ala. App. 158,277 So.2d 616 (1973).
To continue to require Mr. Travis each month to pay an average of $666 on a net income of $680 is clearly unjust. After paying his obligations under the divorce decree Mr. Travis does not have sufficient funds to support even a frugal existence.
The substantial decline in his income is a changed circumstance justifying modification and reduction of child support payments. Gambrell v. Gambrell, 268 Ala. 671,110 So.2d 248 (1959); Sellers v. Sellers, supra.
We find the trial court could have denied modification only by disbelieving the competent and unimpeached evidence. It was not at liberty to do so. Sellers v. Sellers, supra. The trial court plainly committed error requiring reversal. *Page 323 
We reverse and remand to the trial court for reconsideration of the amount of child support, in whatever form, in light of the evidence of appellant's ability to pay. It will not serve the interest of the children to order payment of child support or private school tuition in an amount which the evidence clearly indicates is beyond the ability of appellant to pay.Pruett v. Pruett, supra.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.