WRIGHT, Presiding Judge.
The plaintiff-husband appeals from the child support provisions of a divorce decree. He asserts the issue of an abuse of discretion in the entering of an excessive award. We affirm.
The husband brought suit for divorce against his wife of sixteen years alleging incompatibility. The wife countered with cross-complaint on the ground of adultery. The evidence indicated that there were four children aged thirteen to seven years. The husband left the home in 1975 and brought his action for divorce two years later. He admitted to adulterous relationship with several women and was presently living with a woman other than his wife. The wife had five children in a period of six years with four surviving. She had worked as a secretary while having the children. She now has multiple sclerosis and can no longer work as a secretary. However, she works for a private school for a minimum wage which is credited to tuition for her children. She draws $370 per month social security for herself and the children because of her disability. The husband is a diesel mechanic and has earned wages in the past of $375 per week. He is now employed by a nursery taking home only $154 per week.
The wife received all of the real and personal assets of the marriage consisting mainly of a home with an indebtedness and in need of repairs. The husband was ordered to pay to the wife as child support the sum of $360 per month. He contends that such sum is more than half of his net earnings and so excessive as to constitute an abuse of discretion. He points to our case of Travis v. Travis, 345 So.2d 321 (Ala.Civ.App.1977) for support for his contention.
Our decision in Travis is easily distinguishable on its facts from this case. The judgment in Travis was for payment of some $666 per month from an undisputed income of $680. There is no such narrow difference here. Husband’s admitted net income is $154 per week. Until the divorce, he had been contributing $360 per month though he said he had exhausted some savings in doing so. In view of the undisputed needs of the children, the requirement of continuation of such contribution is not so unreasonable as to be a clear abuse of discretion. Perhaps the trial court believed the undisputed testimony of the wife that the husband by training, experience and present opportunity was capable of earning far more than he was at the time of the hearing. His obligation undér the decree to contribute to the support of the family, from whom he chose to separate himself, is considerably less than the contribution of the ill wife.
We therefore find no abuse of discretion and affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.