396 So.2d 111 (1981)
Michael W. WISE
v.
Peggy K. WISE.
Civ. 2509.
Court of Civil Appeals of Alabama.
March 18, 1981.
David A. Reid, Livingston, for appellant.
Thomas H. Boggs, Jr. of Lloyd, Dinning & Boggs, Demopolis, for appellee.
BRADLEY, Judge.
The appeal is from an order denying a petition to modify a previous divorce decree.
*112 The parties to this appeal were divorced on September 5, 1979 and the decree of divorce awarded the custody of the two minor children to the mother. The decree also required the father to pay $300.00 per month as basic child support, to procure hospital insurance for the children, to purchase and maintain in force a $40,000 life insurance policy on his life with the children as beneficiaries, to make the monthly payment on the wife's car and pay her $275.00 per month for housing.
On May 20, 1980 the father filed a petition seeking a modification of the support payments due to a change in his financial circumstances. After a hearing the trial court denied the request, hence this appeal.
The record discloses the following facts. The mother presently lives with her two minor children in an apartment in Hattiesburg, Mississippi, where she works as a secretary for a local chiropractor. She earns approximately $500.00 per month, from which she pays her utility bills, medical insurance premiums, and gasoline bills for her car. From her earnings she also purchases clothing and provides sustenance for herself and for her children.
The father presently sells new homes for a Mobile, Alabama construction company. His income is dependent upon commissions that he earns from the sale of the houses built by the company. His net take-home pay is presently $999.02 per month, which sum represents a draw on the aforementioned commissions. If the father's income draws exceed the commissions that he has earned from the sale of the newly constructed houses, the difference between the two sums constitutes a loan from his employer to him. At the time of trial in this cause, the father's draws had exceeded his commissions by $2,000. The father testified that, due in part to high interest rates, the market for new houses was depressed and that his employer's total sales had declined from 1979 to 1980. Mr. Wise remarried subsequent to his divorce from appellee. His present wife brings home approximately $541.67 per month in net earnings from her job. Wise does own an undivided one-third interest in eighty acres of unimproved realty abutting the Tombigbee River, valued at $45,500.00, but this interest is subject to two mortgages totalling approximately $50,000.00.
Wise's father loaned him approximately $38,000.00 in return for a mortgage of like amount on his interest in this realty. Although Wise used $1,874.00 of this loan to pay fines and court costs that he had incurred in two contempt of court proceedings and arrearages in monthly housing payments to his wife, he applied the greater portion of the balance of the loan to the satisfaction of bank loans and the payment of bills from materialmen and building contractors. All but $1,100.00 of the profits generated from the sale of several new houses which were owned at the time of the rendition of the divorce decree was utilized to pay the bills of materialmen and building contractors. Wise used the remaining $1,100.00 profit to satisfy part of his child support obligations under the decree of divorce.
In Travis v. Travis, Ala.Civ.App., 345 So.2d 321 (1977) we said:
Modification of a prior provision for child support in a divorce decree is a matter within the sound discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if there is such an abuse of discretion as to make the decision plainly and palpably wrong.
Moreover, we have consistently held that a divorced father has a duty to contribute to the support of his minor children according to their reasonable needs and his reasonable financial capability to satisfy those needs. See Tubb v. Middlebrooks, Ala.Civ.App., 379 So.2d 1272, cert. denied, Ala., 379 So.2d 1274 (1974). Of course, the modification of a prior child support award will be made only on proof of changed circumstances, and the burden of proof rests on the one seeking the modification. Inman v. Inman, Ala.Civ. App., 370 So.2d 1037 (1979). In this case the moving party is the father and the burden of proof rests upon him.
*113 Based on the evidence contained in the record and which is undisputed, Wise's present earnings amount to $499.51 twice a month. This is a draw against commissions that he will earn. As noted previously, should the draw exceed the commissions earned, the difference is treated as a loan. Wise stated that he was about $2,000 overdrawn from his employer at the time of trial.
The amount presently required of Wise as a result of the divorce decree is $890.00 per month. As can easily be seen, the requirements of the prior decree take all but $110 of Wise's present income. Also, as he testified, his present income is based partly on a loan from his employer. Furthermore, the only other possible source of money to satisfy the divorce decree awards available to Wise is his one-third interest in a parcel of real property, but, as the evidence shows, this interest is burdened by two mortgages, the face amounts of which exceed the appraised value of that interest. No help here.
Wise stated that his present living expenses amount to about $1,200 a month. He has remarried since his divorce and has a little girl. The evidence shows that the present wife works and contributes $541.67 a month to the family income.
Without taking into consideration the fact that Wise has remarried and that his present wife works and contributes to their living expenses, which is a factor that the trial court can consider in deciding a modification petition, it is without dispute that Wise is left with $110 a month to live on after paying the amount required under the divorce decree to his former wife. As we said in Travis v. Travis, supra, such a requirement is clearly unjust. The $110 left to Wise after paying the $890 required by the decree does not allow, in this period of high inflation, even a frugal existence.
The substantial decline in Wise's income since the divorce is a changed circumstance justifying a reduction in the amount required of him to be paid to his former wife.
Again, in Travis v. Travis we held that the only way the trial court in the cited case could have denied the petition for modification was to disbelieve the competent and unimpeached evidence. We said there that the trial court could not so act. Likewise, in the case at bar we believed that the trial court disbelieved the undisputed evidence relating to Wise's income and his access to funds to pay the amounts awarded by the divorce decree and it was not at liberty to do so. Such error requires reversal.
The trial court's judgment is reversed and the cause remanded to permit the court to reconsider the amount required of Wise to be paid in light of his present ability to pay. It is quite obvious that the best interests of Wise's children will not be served by requiring him to pay an amount that the evidence shows is clearly beyond his ability to pay.
Appellee's request for attorney's fee on appeal is denied.
REVERSED AND REMANDED.
WRIGHT, P.J., concurs.
HOLMES, J., dissents.
HOLMES, Judge (dissenting).
I respectfully dissent.
Viewing the record with the attendant presumptions accorded the trial court's decree, the following, to me, is pertinently revealed. The parties were divorced in September of 1979. The amount of support to be paid by the father-ex husband was agreed to by the parties. This agreement was incorporated in the decree of divorce. No appeal was taken from this decree.
At the time of the divorce the father-ex husband earned approximately $15,000 per year. The father-ex husband now, some eight months after the original divorce decree, earns approximately $14,400 per year. With these facts in mind, I do not find the trial court's action in denying a modification of the original decree to be such an abuse of discretion as to require reversal.
*114 In fact, it is my belief that the trial court's action was imminently correct. See, Johnson v. Johnson, 277 Ala. 126, 167 So.2d 688 (1964), wherein the Alabama Supreme Court indicated: The worsening condition of the business in which the husband is engaged, without a concomitant reduction in the husband's monthly salary, was not such a change in condition as to warrant modification of an award of alimony and child support.
It appears to me that what the father-ex husband is now attempting to accomplish is to extricate himself from the September decree without having taken an appeal from that decree.
I would affirm the action of the trial court.