ROBERTSON, Presiding Judge.
The parties to this appeal were divorced in 1987, and custody of the parties’ minor children was awarded to the wife. Post-di *680 vorce proceedings originated when the husband filed a petition for contempt, alleging that the wife had failed to abide by certain portions of the parties’ divorce decree. Specifically, he alleged that the wife had failed to comply with that part of the decree which ordered the wife to execute certain forms to the husband so that he could claim the parties’ children as dependents on his income tax return.
The wife counterclaimed for relief and filed a petition for rule nisi and her own contempt petition, alleging that the husband was delinquent in his child support payments.
Following a hearing on the petitions, the trial court ordered, among other things, that
“the [wife] is found to be in contempt of court in that she willfully refused to execute the forms required by the final decree whereby the husband could claim the children as exemptions for income tax purposes for the tax years 1988 and 1989. She may purge herself by executing and delivering to him these forms within thirty (30) days from the date of this decree.”
The wife appeals, asserting that the trial court erred in three respects: in ordering her to execute the forms that would enable the husband to claim the children as dependents on his income tax return, in finding her in contempt of court, and in not awarding her an attorney’s fee.
In the recent case of Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App.1990), this court opined that
“the state trial court should have the discretion to allocate the dependency exemption and, if necessary to the enforcement of the allocation, to require the custodial parent to execute a valid [26 U.S.C.] § 152(e)(2) release.”
In her brief, the wife recognizes the existence of Gamble but argues that it is inapplicable as a result of the recent enactment of the child support guidelines. Essentially, the wife asserts that the guidelines, in arriving at appropriate figures for child support, assume that the custodial parent will receive the tax deduction. Thus, she contends that the husband should not be able to claim the children as dependents.
However, we have examined both the language of the rule and the comments which follow it and find no language that requires the court, when computing a child support obligation, to factor into the computation who receives the dependency exemption. Thus, we find Gamble controlling and find that the trial court acted within its discretion in enforcing the award of the dependency exemption to the husband, pursuant to the original divorce decree.
The wife next contends that the trial court erred in its finding that she was in contempt. First, the wife asserts that the contempt finding was in error, based on her contention above that the trial court was without legal authority to award the husband the dependency exemption. However, because of our holding above that the trial court had the authority to award the husband the dependency exemption, that argument is without merit.
In the alternative, the wife asserts that the contempt finding was in error due to the fact that she made an “offer of equity” with the trial court. Specifically, the wife filed a document with the trial court in which she agreed to execute the necessary forms, if the trial court ruled that the husband was entitled to the tax exemptions.
In support of this contention, she cites Matthews v. Matthews, 404 So.2d 692 (Ala.Civ.App.1981). In examining Matthews, we find no authority for the wife’s contention that she is absolved from contempt by offering to comply with the court’s order following litigation. When a litigant fails to support her argument with proper authority, we have no choice but to affirm. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
Finally, the wife asserts that the trial court erred in not awarding her an attorney’s fee. She maintains that because the husband was held in contempt for failure to make his child support payments, she *681 should have been awarded an attorney’s fee.
An attorney’s fee is awardable in civil contempt proceedings. Ex parte Cleburne County Board of Education, et al., 545 So.2d 802 (Ala.Civ.App.1989). However, the award of a fee is not mandatory; instead, whether to award the fee is committed to the trial court’s sound discretion. Cleburne County.
Here, the trial court did not award the wife an attorney’s fee. We cannot find that such a decision was an abuse of discretion. The wife, as well as the husband, was found to be in contempt. In view of this fact, the trial court could have determined that each party should bear the burden of his or her own attorneys’s fees.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.