THIGPEN, Judge.
This is a divorce case.
The wife filed for divorce and following an ore tenus proceeding, a final divorce decree was entered which, inter alia, granted custody of the two children to the wife subject to the visitation privileges for the husband, ordered the husband to pay child support in accordance with the guidelines of Rule 32, Alabama Rules of Judicial Administration, and divided the marital property. The wife’s post-judgment motion resulted in an order amending the original decree as it pertained to the parties claiming the children as dependent exemptions for income tax purposes. The wife requested a hearing to consider her motion to set aside the judgment, and after a hearing, the motion was denied. Hence, this appeal.
On appeal, the wife raises numerous issues concerning the amounts of the property division and child support obligation, and the visitation awarded to the husband for specific holidays. There exists a multitude of cases on these matters. It is well-established that the resolution of these matters lies soundly within the discretion of the trial court and absent abuse, the judgment of the trial court on these matters will not be disturbed on appeal. See, e.g. Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App. 1990); Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989); Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987); Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985); Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). It is also well-established that when a trial court is presented ore tenus evidence in a divorce proceeding, its resulting judgment is presumed correct if supported by the evidence. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
The wife’s first challenges concern the division of the marital assets and liabilities. Specifically, she questions the trial court’s disposition of the husband’s employee benefit accounts, the mortgage on the marital residence which she was awarded, and the amount of her award for alimony in gross.
Alimony in gross is similar to a property division in that it is based on the value of the wife’s interest in the husband’s estate at the time of the divorce and it is absolute. See Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). A property division is not required to be equal, only equitable, and what is equitable rests within the broad discretion of the trial court. Wiggins, supra, and Ross, supra. Even a property division that favors one party over the other does not in itself constitute an abuse of discretion. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989).
An extensive recital of specific details regarding the factors and information which the trial court considered here in fashioning its property division and alimony in gross award serves no legal purpose. The record is replete with evidence regarding the specific complaints of the wife, i.e., the nature of the husband’s employee benefit accounts, which he was awarded; the marital residence itself, including its mortgage and its furnishings, and the adjoining lot, all of which the wife was awarded; the automobiles awarded to each party and the debts and conditions of each; the careers of each party, who each have advanced college degrees, etc. The record is also clear that the wife’s alleged expenses were challenged by the husband.
The wife was not granted periodic alimony and that is not an issue on appeal. The wife is a tenured teacher with a master’s degree. There is no evidence that the wife is physically, mentally, or in any other way, incapable of continuing her chosen career and increasing her income, nor to indicate that she is unable to consider supplemental *1041 summer and holiday employment as many teachers choose to do.
The record contains ample evidence regarding the financial conditions of each party and other appropriate factors, which the trial court utilized in its determination. There is an abundance of evidence supporting the trial court’s determination, and we find no abuse of judicial discretion on these issues.
The wife next complains that the child support award is inadequate “to meet household expenses and debt payments,” and that the trial court erred “in awarding income tax exemptions for the minor children to the non-custodial parent, without providing for a corresponding increase in child support.”
The record reveals that the trial court ordered child support in accordance with the guidelines of Rule 32, A.R.J.A., utilizing financial information provided by the parties. There is a rebuttable presumption that the guidelines will result in the proper amount of child support being established. Rule 32, AiR.J.A. Furthermore, the trial court may, within its discretion, determine that the amount of support within the guidelines is inappropriate under the circumstances and order a different amount of support. Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991); and Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App.1991). Our review of the record evidence discloses nothing to rebut that presumption of correctness and to allow the trial court to establish an amount of child support different from that set out in the guidelines.
The trial court’s amended order allows each parent to claim a dependent exemption for one of the two children for income tax purposes. That equal division of the dependent exemptions results in similar adjustments in the net pay for each party. The trial court has within its discretion the allocation of the dependency exemptions and is not required to factor into its child support computation the income tax exemption. Knight v. Knight, 579 So.2d 679 (Ala.Civ.App.1991). We find no abuse of discretion in the trial court’s decision to allow each parent one exemption and in the trial court’s utilization of the guidelines in establishing the child support obligation.
The wife next asserts error in the trial court’s order which continued the husband’s child support obligation after the children reached the age of majority while the children were enrolled in college. She argues that the guideline amount is insufficient for college-related expenses and requests that in addition to the guideline amount, the husband should be ordered to pay an amount “not less than seventy percent (70%) of the expenses for each child for tuition, room, board, books, supplies, fees and transportation for obtaining a college education after the age of majority.” The husband openly expresses a desire for the children to complete college and a willingness to financially contribute to that end. He persuasively argues that the actual amount of college expenses for the children cannot be ascertained at this time and that an award of a sum certain for college expenses is premature. In brief, the husband poses no argument regarding the amount of post-minority child support he is ordered to pay and specifically requests that the issue regarding this amount of post-minority child support be affirmed.
Child support determinations involve the parent’s present ability to meet the child’s present needs and are not subject to speculation regarding future ability or need. Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990). The trial court’s continuing jurisdiction over the matter of child support allows future modification due to changed circumstances. Conradi, supra. Further, the trial court may require the parents to provide post-minority support for a college education. Ex parte Bayliss, 550 So.2d 986 (Ala.1989). This court, however, expressly determined that the child support guidelines do not apply in determining the amount of the support obligation for college expenses after the child reaches majority. Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990). There we reversed the trial court’s judgment regarding college expenses and remanded the *1042 cause “for the taking of evidence on the reasonable necessaries, including room and board, for the child to attend college after reaching majority.” Thrasher, 574 So.2d at 841.
In the instant case, the children are not yet of college age and there was no evidence presented regarding the anticipated future college expenses or the possibility of “undue hardship” on the husband or the wife. See Thrasher, supra. While a trial court clearly has the authority to order the husband and/or wife to provide post-minority support for a college education for their children, Bayliss, supra, the amount of post-minority support needed for a child to attend college years in the future cannot be accurately determined. At this time, an award of post-minority support in a definite amount is premature. See Murrah v. Turnipseed, 578 So.2d 1340 (Ala.Civ.App.1991); Thrasher, supra.
In this case, the husband announced at trial his willingness to appropriately contribute to the children’s college education. The parties agreed in open court that “the contributions for support or contributions for education expenses, would be in the judge’s discretion.” The trial court’s order provided that “the child support shall continue” while the children attend college.
The nascent progeny of the Bay-liss decision has not addressed a situation such as this, where the noncustodial parent agrees to pay the post-minority college expenses for the children at an amount established by the trial court long before the children are of college age. Courts have always encouraged parties who divorce to attempt to reconcile their differences and agree to some of the terms of the divorce. A trial court may utilize the parties’s agreement in fashioning its divorce decree, and it may adopt or reject any part of that agreement. Mitchell v. Mitchell, 521 So.2d 62 (Ala.Civ.App.1988). Here it appears that the trial court chose to accept the agreement regarding post-minority support in its entirety and simply allowed the amount of support appropriate under the guidelines to continue pursuant to the parties’s agreement. While Thrasher held that the guidelines do not apply in determining post-minority support, consideration of the appropriate factors to determine post-minority support may coincidentally result in setting the post-minority support at an amount similar to the amount in the guidelines. Brown v. Short, 588 So.2d 468 (Ala.Civ.App.1991). In the instant case, it is not possible to ascertain what college expenses these children will incur several years from now, should they choose to go to college; however, the father agreed to pay whatever the court determined was appropriate, and on appeal asks this court to affirm the trial court’s award.
Because divorce cases, especially those involving the needs of minor children, are determined on a case-by-case basis, and the trial court retains continuing jurisdiction to modify the amount of child support, we choose to affirm the issue regarding post-minority support.
As to the visitation issue, the wife complains specifically about the husband’s visitation with the children during the AEA holidays. She urges error in that order because the husband did not ask for visitation during those holidays. She also contends that because she is a school teacher, she is automatically on vacation during this time and the children should be with her so “she could enjoy the springtime with her daughters” (emphasis in original). She fails to cite any authority, legal or otherwise, to support her desire to have the children with her those five days in spring.
Visitation is a matter which lies within the sound discretion of the trial court and is guided by what is in the best interests and welfare of the child. Wyatt v. Wyatt, 549 So.2d 1351 (Ala.Civ.App.1989). Careful reading of the order discloses that the husband is granted “liberal visitation ... at such times as the parties ... agree and if the parties are unable to agree, then visitation shall be as follows:
[[Image here]]
“E. On each AEA school holiday, the children shall be allowed to visit with the father for a period of five days.”
*1043 Clearly, the trial court attempted to encourage the parties to cooperate for a suitable visitation schedule and then provided a specific visitation schedule in the event that the parties could not agree. Likewise, this court encourages cooperation between divorced parents. Obviously, in situations where the parents are unwilling or merely fail to cooperate with each other for visitation purposes, a court-established schedule is necessary. In the instant case, the wife’s discontentment with this visitation schedule simply does not rise to the level of discretionary abuse and therefore, we affirm its decision.
Based on the foregoing, this case is due to be, and is hereby, affirmed.
The wife’s request for an attorney’s fee for representation in this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.