The husband appeals from a divorce judgment. The parties were married on August 5, 1969, in Kentucky. They were divorced on July 15, 1997, by the Morgan County, Alabama, Circuit Court, following an ore tenus hearing which was held on January 10, 1997. On July 17, 1997, the husband filed a motion to alter, amend, or vacate the judgment, or, in the alternative, a motion for a new trial; the court denied his motion on July 29, 1997.
The only contested issues in the divorce proceeding were alimony and the division of property. The parties claimed that they had an incompatibility of temperament and had experienced an irretrievable breakdown of the martial relationship. Neither party alleged misconduct by the other.
The trial court granted the wife legal custody of the only remaining minor child of the parties and required the husband to pay child support to the wife in the amount of $662 per month. The husband was also ordered to continue health insurance coverage on the minor child and to pay the wife's health insurance coverage through COBRA for so long as that coverage was available. The trial court ordered the husband to pay the wife $500 per month as periodic alimony; awarded the marital residence to the wife, making the husband responsible for paying the first and second mortgages on this property — the court treated the mortgage payments as periodic alimony and not a division of property; awarded the wife her 1995 Chrysler automobile and ordered the husband to continue to pay the indebtedness on this vehicle; and awarded one-half of the husband's retirement benefits to the wife. The wife was also awarded the automobile driven by the adult daughter of the parties and all the parties' household furnishings, fixtures, and furniture. The husband was also ordered to pay an indebtedness to Sears, Roebuck Company and to pay $750 toward the wife's attorney fee. The husband was granted reasonable visitation rights with the minor child; he also was awarded his 1995 Chrysler automobile, awarded any savings bonds purchased through payroll deduction, and his personal effects.
The husband contends that the wife's alimony and property awards were excessive and inequitable. He claims that they leave him with insufficient funds to pay his basic living expenses.
A divorce judgment based on ore tenus evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. King v.King, 693 So.2d 512, 513 (Ala.Civ.App. 1997). The division of property in a divorce case is not required to be equal, only equitable, and is within the sound discretion of the trial court. Butts v. Butts, 600 So.2d 1038, 1040 (Ala.Civ.App. 1992). Even a property division that favors one party over the other does not in itself constitute an abuse of discretion. Id.
An award of periodic alimony is also a matter within the broad discretion of the trial court. West v. West, 437 So.2d 583, 584
(Ala.Civ.App. 1983).
At trial, the husband testified that his monthly gross income from employment included $3,870 in base pay. His monthly gross employment income was $5,517 when overtime pay was included. The husband also affirmed that his gross income was $79,444 for 1996; $80,941 for 1995; and $78,797 for 1994. The trial court indicated that to arrive at the husband's gross income, for purposes of calculating child support in accordance with the "child support guidelines" of Rule 32, Ala. R. Jud. Admin., it had computed an average of the husband's gross base *Page 1266 
pay ($3,870), his gross base pay including overtime ($5,517), and his 1995 gross income ($80,941). The trial court calculated a monthly gross income of $5,377 for the husband. The trial court imputed income to the wife of $5.75 per hour for 40 hours a week. This resulted in an imputed monthly gross income of $996 for the wife.
The husband says he is not now being offered as much overtime as he had worked previously. He says he has not refused any overtime work, although he says he would prefer not to work overtime because of what he refers to as a worsening heart condition. The husband filed a motion to alter, amend, or vacate the judgment, or, in the alternative, for a new trial; with that motion he presented evidence that his average monthly gross income for the first six months of 1997 had been $5,411. Although the amount of overtime the husband worked was reduced during the first six months of 1997, his monthly gross income during that period was about the same as (actually $34 greater than) the monthly gross income the trial court had calculated in computing the husband's child support obligation. Therefore, there is no substantial change between the amount of gross income used by the trial court to calculate the child support award and the husband's gross income for the first six months of 1997.
The husband claims that after he pays the amounts ordered by the court each month, he does not have enough money left on which to live. The husband's pay statements for the first six months of 1997 establish that his average monthly gross income of $5,411 is reduced by average monthly payroll deductions of $2,943. These payroll deductions include federal and state taxes, union dues, a charitable contribution, automobile payments, insurance, a credit union financial counseling indebtedness, and a United States savings bond.[1] Of these deductions, the only discretionary deductions appear to be the charitable contribution ($.50 per pay period) and the savings bond ($12.50 per pay period). If these discretionary deductions are not included as payroll deductions, then the husband's average monthly net income is $2,524.[2] The payments ordered by the court as a result of the divorce judgment amount to $2,313 per month. These calculations suggest an average monthly amount of $372 for the husband's living expenses when court-ordered payments are deducted from his average monthly net income. There was no evidence introduced that disputed the husband's reported income. When evidence is undisputed as to income and access to funds to pay the amounts awarded by a divorce judgment, the trial court is not permitted to "disbelieve" this undisputed evidence. Wise v. Wise, 396 So.2d 111, 113
(Ala.Civ.App. 1981). Therefore, the dispositive issue is whether the $372 per month is sufficient to meet the husband's living expenses. We conclude it is not.
The husband estimated his basic living expenses as $940 per month. This amount includes rent ($375), utilities ($75), telephone service ($25), food ($240), gasoline ($60), medication ($20), automobile insurance ($40), laundry ($25), and other ($80 — medical co-pay, newspaper, haircuts, repairs, and miscellaneous items). These monthly expenses do not appear excessive.
The divorce judgment awarded the husband only his vehicle, savings bonds, and personal effects. Testimony reveals that the husband has always cashed the savings bonds as soon as they were eligible for redemption (six months from issue). The record reveals no other assets on which the husband can draw. It is obvious from the evidence that the husband does not have sufficient funds to support even a frugal existence. The trial court must consider the husband's ability to pay in determining amounts to be awarded as alimony and child support. Bell v.Bell, 443 So.2d 1258, 1261-62 (Ala.Civ.App. 1983).
To continue to require the husband to make court-ordered payments of $2,313 per month out of a monthly average net income *Page 1267 
of $2,685 is clearly unjust. Such an award could have been ordered only if the trial court disbelieved the evidence relating to the husband's income and his access to funds to pay the amounts awarded. The trial court was not at liberty to make such an award, which is clearly an abuse of discretion.Travis v. Travis, 345 So.2d 321, 322 (Ala.Civ.App. 1977).
We reverse the judgment and remand this case for the trial court to reconsider the amount the husband is required to pay, in light of the evidence of the husband's ability to pay.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] These payroll deductions include court-ordered payments of $71 per month for the wife's car payment and $90 per month for the Sears debt.
[2] The husband's monthly net income is $2,685 when discretionary and court-ordered payroll deductions are not considered.