THOMPSON, Judge,
dissenting.
The wife alleged the husband had an affair that caused the breakdown of the marriage; he denied that allegation. Even considering that the trial court could have determined that the husband was responsible for the breakdown of the marriage, I do not find the property division and alimony award to be equitable.
The husband was awarded his vehicle and the personal property already in his possession. He was ordered to pay $230 in monthly child support, $350 monthly as periodic alimony, and, “as periodic alimony,” he was ordered to pay the $468 monthly payment for the first mortgage on the marital home, plus any taxes and insurance for that home. In addition, the husband was required to make monthly debt payments of $185 and to pay for 54% of the medical expenses for the parties’ “children.”
The husband earns $26,809 annually at his job. He earned gross income of $4,047 during 1998 by umpiring in various sports. The husband testified that from that amount he paid approximately $2,400 for dues, uniforms, association fees and training camps, and paid other amounts for travel expenses.
The wife testified that the husband’s monthly gross income was $2,660. She arrived at that figure by adding the husband’s gross wages from his job of $26,809, the $4,047 in income that he received as an umpire, and an additional $900 of unreported income from umpiring that she alleged the husband was paid “in a way where we wouldn’t have to file taxes.” The husband disputed receiving the additional $900. The wife does not factor into her calculation of the husband’s income from umpiring the costs he incurs in that job.
It is undisputed that the husband’s net income is $1,524.52 per month from his full-time employer. Assuming that the husband made a net profit of $100 per month from umpiring, his total income would be $1,624.52, from which he was ordered to pay total monthly payments under the divorce judgment, excluding the medical expenses and taxes and insurance for the marital home, of $1,233.
Thus, after making the payments ordered under the divorce judgment, the husband has a monthly total net income of $391.52 to pay his own rent, utilities, food, and automobile expenses. “The trial court must consider the husband’s ability to pay in determining amounts to be awarded as alimony and child support.” Wilson v. Wilson, 709 So.2d 1264 (Ala.Civ.App.1998). In Wilson, this court held that the trial court abused its discretion in ordering the husband to make payments under a divorce judgment that left the husband $372 per month with which to pay his own expenses. Under the authority of Wilson, I conclude that the trial court abused its discretion in its property division and alimony award in this case.
Also, the wife, in calculating her monthly expenses, included amounts for the support of "the parties’ 20-year-old son, who was a full-time college student. The mother presented no evidence regarding what her expenses would be if the expenses of the parties’ 20-year-old son were excluded.
A trial court does not have jurisdiction to award amounts for the support of a child of the parties who had already reached the age of majority before the complaint for a divorce, or the petition for a modification, was filed. Ex parte Barnard, 581 So.2d 489 (Ala.1991); Ex parte Bayliss, 550 So.2d 986 (Ala.1989). A par *397 ent may be required to support an adult child if the adult child is disabled and unable to support himself or if an application for postminority support for college expenses is made before the child reaches the age of majority. Ex parte Bayliss, 550 So.2d 986 (Ala.1989), and Ex parte Brewington, 445 So.2d 294 (Ala.1983). Nothing in the record of this case indicates that the son is disabled and unable to contribute to his own support. Further, the complaint seeking a divorce was filed after the parties’ son had reached the age of majority. Therefore, the parties’ adult son does not fall within one of the two recognized exceptions to the rule that a parent is not required to support an adult child.
I conclude that in allowing the trial court to consider expenses related to the support of the parties’ adult child in fashioning its property division and alimony award, this court has impermissibly allowed the trial court to legally require the father to contribute to the support of an adult son.
I believe that the trial court’s property division and alimony award are clearly an abuse of discretion, and that, in regard to those matters, the trial court erred in considering amounts that included the support of the parties’ adult son. Where it is clear that the trial court abused its discretion, this court must reverse. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App.1991); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). Because I would reverse, I must respectfully dissent.
CRAWLEY, J., concurs.