YATES, Presiding Judge.
Rita Hutchinson sued Terry Hutchinson on February 8, 2001, seeking a divorce and *812 alleging incompatibility of temperament and adultery; the parties were married in July 1975. Their two children had reached the age of majority. The wife sought a division of the marital assets and alimony. On March 20, 2001, the husband counterclaimed for a divorce, alleging a complete and irrevocable incompatibility of temperament.
After conducting an ore tenus proceeding, the court, on June 18, 2001, entered a judgment of divorce. The judgment read, in part:
“3. That the [wife] is awarded the marital home ... and shall assume the indebtedness owed on the second mortgage on same.
“4. That the [husband] shall pay to the [wife] the sum of $700.00 per month as periodic alimony. In addition thereto, the [husband] shall pay to the [wife] the sum equivalent to the first mortgage payment on the marital home until such time as said first mortgage is paid in full at which time total periodic alimony to be paid to the plaintiff shall be $700.00 per month.
“5. That the [husband] is ordered to replace the roof on the marital home with a new roof and to repair the septic system.
[[Image here]]
“10. That the [wife] is awarded one third (1/3) of the [husband’s] retirement account.
“11. That the [husband] shall maintain a life insurance policy on his life in the amount of $150,000.00 with the ... children of the parties as the beneficiary and shall provide proof of same to the [wife].”
The husband appeals, contending that the trial court’s division of the marital assets was an abuse of discretion. We agree.
 Under the “ore tenus rule” the trial court’s divorce judgment is presumed correct, and we will not disturb it on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). Furthermore, alimony and property-division matters rest within the trial court’s discretion, and such rulings on appeal will not be disturbed except for an abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994).
When determining an alimony award and dividing marital property, the trial court should consider the following factors: the earning abilities of the parties; the future prospects of the parties; their respective ages and health; the duration of the marriage; the parties’ station in life; the items of marital property and their sources, values, and types; and the conduct of the parties in relation to the marriage. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995). The division of marital property does not have to be equal, only equitable, and what constitutes an equitable division rests within the sound discretion of the trial court. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
The wife testified that she was 46 years old at the time of the trial and that the parties had been married approximately 26 years and had two adult sons. She stated that their marital assets consisted of a home and 13 acres appraised at $132,000, with two mortgages on the property totaling $87,000; her retirement account in which there was $2,500; her husband’s retirement account in which there was $32,111; a joint family life insurance policy in the amount of $150,000; and two vehicles. She further testified that her monthly expenses totaled $2,348.48. She also testified that the roof of the marital home and the septic tank 'needed repair *813 and that the estimated cost of those repairs was $3,176 and $2,300, respectively.
The wife testified that she had been employed throughout the marriage. She stated her earnings for the year 2000 were $20,529, and her husband’s were $33,459. She stated that he did some “side work” involving heating and air conditioning, but she did not know how much he made from that work.
The husband admitted that he had had an affair and he stated that he no longer loved his wife. He further testified that at the time of the hearing he was employed as a maintenance man for an apartment complex. He testified that he had been fired from his former job in the heating and air conditioning business for illegally connecting a telephone line. He testified that his current monthly income is $1,064, and his net pay is $782.91. He stated he could make more money in the heating and air conditioning business, but he had chosen not to do that kind of work “because after thirty years of doing heating and air, I’m kind of tired of crawling under houses and attics because of my knees and back.” He further stated he was no longer able to lift heavy equipment. He also testified that he was currently living with his mother.
The payments ordered to be made by the husband in the divorce judgment total $1,342.72 per month, with additional monies required to replace the roof and to repair the septic tank. The husband’s current gross monthly income of $1,064, with a net of $782.91 is insufficient to meet the court-ordered obligation. The wife testified that the husband did heating and cooling work on the side, but when she was asked how much he made in a year doing this type of work her response was: “I have no clue.” There was no evidence introduced to dispute the husband’s testimony regarding his income. The trial court is not permitted to “disbelieve” the undisputed evidence. Wise v. Wise, 396 So.2d 111, 113 (Ala.Civ.App.1981). The husband did not testify as to his monthly expenses; however, the court-ordered payment is clearly unjust.
We reverse the judgment and remand this case for the trial court to reconsider the amount the husband is required to pay, in light of the evidence of the husband’s inability to pay.
The wife’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
CRAWLEY, J., concurs.
PITTMAN, J., concurs in the result.
THOMPSON and MURDOCK, JJ., dissent.